ABRAM SHEPPARD AND JOHN DUNCAN, PLAINTIFFS IN ERROR, *v.* PEYTON S. GRAVES.

It is a bad mode of pleading, to unite pleas in abatement and pleas to the merits. And if after pleas in abatement, a defence be interposed, going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial and are waived.

When a plea is filed to the jurisdiction of the court, upon the ground that the plain-tiff is a resident of the same State with the defendant, it is incumbent on the de-fendant to prove the allegation.

It is of no consequence whether the date of a promissory note be at the beginning or end of it.

THIS case was brought up, by writ of error, from the District Court of the United States for the District of Texas.

The facts are all set forth in the opinion of the court.

It was argued by *Mr. V. E. Howard* and *Mr. Ballinger,* in a printed argument, for the plaintiffs in error, and *Mr. Davidge* and *Mr. O. F. Johnson,* for the defendant in error.

The points made by the counsel for the plaintiffs in error, were the following:

1. The court erred in admitting the notes in evidence, because there was a variance between the notes offered and those de-scribed in the petitions.

The petitions alleged, that the notes were "executed and deli-vered at Matagorda," but did not allege that they bore date at Matagorda, as was found to be the fact on their being produced.

It was the plaintiff's duty to give a perfect description of his notes, so as to prevent the possibility of the defendants being ever sued upon them again, and if so, that this record should be a bar.

The place at which the notes bore date on their face, was essential to their description. When the objection was made, the plaintiff could have amended, and given an accurate description; but refusing to do this, it was error in the court to admit the notes.

Thus, the words "value received," are material in a description of the note; and if omitted, the variance will be fatal. 1 Chitty's Pleadings, 339, note 1, ed. 1833; Saxon v. Johnson, 10 Johns. R. 418.

2. The court erred in refusing to instruct the jury, "that, upon the issue as to the citizenship of plaintiff, the burden of proof was on the plaintiff to show such citizenship as entitled him to sue;" and in giving the instruction, "that the plaint ff was to be considered a citizen of Louisiana, as alleged in his petition, unless it was pleaded and proved that he was a citizen of Texas."

There was a proper plea to the jurisdiction of the court, presenting the issue as to the citizenship of plaintiff.

It was not necessary that the plea should be verified by affidavit. Hartley's Digest, art. 690, § 31, Practice, act 1846.

Besides, there was no demurrer or exception taken to the plea for want of an affidavit; and if one had been necessary, it was waived by the plaintiff taking issue on the fact.

The rule which at first prevailed in the courts of the United States, required the plaintiff, on the general issue, to prove citizenship as alleged. Catlett & Keith v. Pacific Insurance Company, Paine's C. C. R. 594.

It was afterwards decided, however, that a plea in abatement was necessary to raise the question of citizenship. D'Wolf v. Rabaud et al. 1 Peters, 476. See 498.

The courts of the United States are courts of limited jurisdiction; and although a plea to the merits admits the jurisdiction, yet when jurisdiction is denied by a proper plea, it must be shown by the plaintiff. See 1 Cowen & Hill's Notes to Phillips's Ev. p. 487, note 376, and authorities referred to; Maples v. Wightman, 4 Conn. R. 376; Wooster v. Parsons, Kirby's R. 27.

The counsel for the defendant in error contended, that there was no variance between the note alleged in the petition of defendant in error, (R. 1 and 2,) and that offered in evidence.

1. The petition alleged the place where the note bore date, in the usual form, even under the English practice, and with greater

certainty than is required by the law of Texas. But, had there been no such allegation, the omission would have been immaterial. 1 Saund. Pl. and Ev. 260.

2. That there was no error in the refusal of the court below to grant the first prayer of the plaintiffs in error, which plainly tended to mislead the jury, is manifest, and, indeed, is conceded by the brief filed by their counsel.

3. The court was right in refusing to instruct the jury, "that upon the issue as to the citizenship of plaintiff, the burden of proof was on the plaintiff to show such citizenship as entitles him to sue;" and in giving the instruction, "that the plaintiff was to be considered a citizen of Louisiana, as alleged in his petition, unless it was pleaded and proved that he was a citizen of Texas."

Exception to the capacity of the plaintiff below to sue in the District Court, could only be taken by plea in abatement. Conard *v.* The Atlantic Ins. Co. 1 Pet. 386, 450; D'Wolf *v.* Rabaud et al. Id. 476, 498; Evans *v.* Gee, 11 Pet. 80, 83; Sims *v.* Hundley, 6 How. 1, 5; Smith *v.* Kernochen, 7 How. 198, 216.

Such being the case, and as the obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue, the burden of proof was necessarily upon the defendants below.

The plea is strictly affirmative in its character, alleging, in terms and substance, that the plaintiff was not entitled to sue in the District Court, because he "is, and was at the commencement of this suit, a citizen of the State of Texas." Being introductive of new matter, and concluding, as it very properly does, with a verification, the defendants below, who pleaded it, held the affirmative, inseparably connected with which was the *onus probandi.* 1 Saund. Pl. and Ev. 8, 13, 16, 22; Union Bank of Maryland *v.* Ridgeley, 1 Harris & Gill, 415–419; Smith *v.* Dovers, 2 Doug. 428; Jackson on Pleading in Real Actions, 62, 65; Fowler *v.* Coster, 1 Moo. & Malk. 241; S. C. 3 C. & P. 463; Colstone *v.* Hiscolls, 6 C. & P. 666.

Indeed, the definition of a plea in abatement, (in the nature of which is a plea to the jurisdiction, or to the person of the plaintiff,) is, that by it the defendant "shows cause why he should not be impleaded, or if impleaded, not in the manner and form he now is." Bac. Abr., Abatement.

Whenever the plea is to the jurisdiction, it must state another jurisdiction. Id.

4. The plea in abatement was a nullity, not having been filed in time. Act of May 13, 1846, §§ 23, 24, 26, 27; Laws of Texas, 1846, pp. 369, 370.

Process was regularly served on one of the defendants below,

·May 31, 1850; on the other, October 12, 1850. ·The court met on the first Monday of December, 1850. The plea was not ·filed until January 6, 1851. .

Mr. Justice DANIEL delivered the opinion of the court.

. The defendant in error, in conformity with a mode of practice in the State of Texas, instituted an action at law against the plaintiffs in error upon their promissory note. That note was in the words following:

·" On the first day of January, 1850, we jointly and severally promise to pay to Peyton S. Graves, or order, at the counting house of R. & D. G. Mills, in Brazoria County, the sum of $1,845.94, for value received, with eight per cent. interest thereon, from the first day of January, till paid.

ABM. SHEPPARD.<br>JOHN DUNCAN.

" Matagorda, Sept'r 23d, 1844."

The petition sets forth, that Peyton S. Graves, a citizen and inhabitant of Louisiana, represents, that Abram Sheppard and John Duncan, both citizens and residents of the county of Matagorda, in the State of Texas, are jointly and severally indebted to the petitioner in the sum of $1,845.94, with interest thereon, at eight per cent. per annum, from the first day of January, 1844, until paid—for that heretofore, to wit, at Matagorda, in the State of Texas, on the 23d day of September, 1844, the said Sheppard, who signs his name Abm. Sheppard, and the said Duncan, executed and delivered to the petitioner, their joint and several promissory note, dated September 23d, 1844, and signed Abm. Sheppard and John Duncan, by which, &c.

· ·Upon the summons issued against each of the defendants, the marshal returns, that he had executed the summons on the 12th of October, 1850, serving each of them with a certified copy of the petition and summons, and with regard to Duncan, the return farther states that the original summons, was also exhibited to him. The plaintiffs in error appeared to the action, and attempted to interpose several defences in the nature of pleas in abatement. They first allege jointly, that the court could not take cognizance of the cause, because the plaintiff below, was not, at the commencement of the suit, a citizen of Louisiana, but of the State of Texas.

The defendant Sheppard, then pleads separately, that the marshal's return upon the summons was not legal, and should be quashed, because it does not state, that the marshal had delivered to the defendant in person, a copy of the citation, and of the petition accompanying it; and that the return was not

made and signed by the deputy purporting to make and sign the same.

The defendant Duncan also pleads separately in abatement, that the citation calls upon him to answer the complaint against him and Abraham Sheppard, whereas the true name of said Sheppard is Abram, and not Abraham ; and he also insists upon the insufficiency of the return to the summons, because, as he alleges, that return does not state that the marshal delivered to him in person, a copy of the citation, or of the petition accompanying it.

In addition to these pleas in abatement, the defendants below interposed a defence upon the merits in the nature of the general issue, by which they deny all and singular the matters stated in the petition, and say that they are not indebted to the plaintiff as he has alleged, and in this defence they conclude to the country, whilst in the introduction thereto, they declare that they do not waive their several pleas in abatement, but fully rely upon the same. After this series of heterogeneous defences, the plaintiff moved the court to strike out the plea to the jurisdiction and all the other pleas in abatement tendered by the defendants, assigning, as the grounds of this motion, that those pleas were not filed within the time required by law.

Upon the trial of the cause, the court seems to have considered the case as standing before it upon all the defences attempted, but ruled out the several pleas in abatement, though whether for the insufficiency of those pleas in point of law, for the want of proof to sustain them, or for their irregularity in the order of pleading, does not certainly appear from this record. The jury upon the issue joined upon the merits, rendered a verdict for the plaintiff for the sum of $2,788.89, for which judgment was given with costs.

The incongruities in practice, which mark the progress of this case in the court below, are much to be regretted, as having a tendency to confound the proceedings in courts of justice ; proceedings calculated to define and distinguish the rights of parties litigant, and to conduct the courts to a correct adjudication upon those rights ; proceedings indeed founded upon, and as it were sanctified by, an experience of their usefulness, and even of their necessity. Thus it has ever been received as a canon of pleading, that matters which appertain solely to the jurisdiction of a court, or to the disabilities of the suitor, should never be blended with questions which enter essentially into the subject-matter of the controversy; and that all defences involving inquiries into that subject-matter imply, nay admit, the competency of the parties to institute such inquiries, and the authority of the court to adjudicate upon them. Hence it is, that

43.*

pleas to the jurisdiction or in abatement, are deemed inconsistent with those which appertain to the merits of a cause; they are tried upon different views as to the relations of the parties, and result in different conclusions. A striking illustration of the mischiefs flowing from the departure from the rule just stated, is seen in the practice attempted in the case before us. If it could be imagined that the plea to the jurisdiction and the plea to the merits, could be regularly committed to the jury at the same time, the verdict might involve the following absurdities. Should the finding be for the plaintiff, the judgment would, as to the defendant, be upon one issue, that of *respondeas ouster*, and upon the other, that he pay the debt, as to the justice of which he was commanded to answer over. Should the finding be for the defendant, the judgment upon one issue must be that the debt was not due, and upon the other, that the court called upon so to pronounce, had no authority over the case. So that in either aspect there must, under this proceeding, be made and determined one issue, which is incongruous with and immaterial to the other. A practice, thus fraught with confusion and perplexity, and one endangering the rights of suitors, it is exceedingly desirable should be reformed, and we are aware of no standard of reformation and improvement more safe or more convenient than that which is supplied by the time-tested rules of the common law. And by one of those rules, believed to be without an exception, it is ordained, that objections to the jurisdiction of the court, or to the competency of the parties, are matters pleadable in abatement only, and that if after such matters relied on, a defence be interposed in bar and going to the merits of the controversy, the grounds alleged in abatement become thereby immaterial, and are waived.

With respect to the exception taken to the ruling of the District Court, as to the obligation of the defendant to prove his averment of the plaintiff's residence in the State of Texas, and not of Louisiana, as set forth in the petition, were the decision of this question deemed requisite here, we should say that the true doctrine applicable to the question is this: that although in the courts of the United States it is necessary to set forth the grounds of their cognizance as courts of limited jurisdiction, yet wherever jurisdiction shall be averred in the pleadings, in conformity with the laws creating those courts, it must be taken *prima facie* as existing, and that it is incumbent on him who would impeach that jurisdiction for causes *dehors* the pleading, to allege and prove such causes; that the necessity for the allegation and the burden of sustaining it by proof, both rest upon the party taking the exception. Such, we think, would be the proper rule resulting from the intrinsic character of the exception,

and such we consider the doctrine enunciated in the cases of Conrad v. The Atlantic Insurance Company, in 1 Pet. 386, and D'Wolf v. Rabaud et al. Id. 476.

This doctrine we are unwilling to disturb. The cases just referred to, as well as those of Sims v. Hundley, in 6 Howard, and Smith v. Kernochen, (7 Id. 198,) expressly affirm the common-law principle of pleading, herein before mentioned, that the question of the residence or of the right of the parties to sue, as incident to residence, cannot be inquired into under the general issue.

The plea of a misnomer of the defendant Sheppard, by the insertion of two superfluous letters in his christian name, and the still more captious and unmeaning distinction attempted between serving the defendants with a certified copy of the petition and summons in this suit, and a delivery of that petition and summons to the defendants in person, is disposed of by the same rule which displaces, as irrelevant and immaterial, the exception taken to the jurisdiction.

The question of variance between the note and the description of it in the petition, it is not easy to comprehend, unless indeed it is intended by the defendants to insist, that a note should have its date inserted at its beginning only, and cannot be dated at the termination of it; for the note at the bottom bears upon it the date as well as the place of its execution, viz. Matagorda, September 23, 1844, and the description and the petition accord with both these facts. It is true, the petition contains a recital that Matagorda is within the State of Texas, but by no extreme of cavil can this recital be converted into a misdescription of the note. Upon the whole case, we think the judgment of the District Court was correct, and we accordingly order it to be affirmed.

## Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with costs and interest, until the same is paid, at the same rate per annum that similar judgments bear in the courts of the State of Texas.