## SUPREME COURT.

WILLIAM RADLEY, appellant agt. ROBERT FISHER and
another, administrators, respondents.

Where a claim against *executors* or *administrators* is *referred* under the Revised
Statutes, and the report of the referees is adverse to the plaintiff, and in favor of
the defendants, (executors or administrators,) they are entitled to *costs* against
the plaintiff, *as in an action under the Code.*

In such cases, it is *irregular* to *enter judgment* upon the report without *an appli-
cation to the court.*

The amount of such costs are those given by the Code in an *action* between party
and party, prosecuted and defended in accordance with the provisions of the Code.
The provision of the Revised Statutes, authorizing the court to adjudge costs as
in actions against executors, is in *full force.*

*Erie General Term, September*, 1862.

MARVIN, *P. J.,* DAVIS, GROVER and HOYT, *Justices.*

APPEAL from order of special term that defendants recover
their costs and disbursements, as in an ordinary action in
that court.

C. HENSHAW, *for plaintiff.*
PECK & WILLETTS, *for defendants.*

By the court, MARVIN, P. Justice. The claim of the plain-
tiff against the defendants as administrators, was referred
under and in pursuance of the Revised Statutes, (*vol.* 2, *p.*
88–9, §§ 36, 37.) The report of the referee was adverse to the
plaintiff and in favor of the defendants; and the question is,
what costs and disbursements the defendants are entitled to
against the plaintiff? The Revised Statutes, *supra*, authorize
the court to set aside or confirm the report of the referees
and "adjudge costs," as in actions against executors. The
next three sections provide for actions in cases where the
claim is disputed or rejected, and not referred, or where the
claim has not been presented in time; and then § 41 provides
that in such suit no costs shall be recovered against the de-
fendants; nor shall any costs be recovered in any suit at law

against any executors or administrators, to be levied of their property or of the property of the deceased, unless, &c. These provisions relate to actions against executors, except the provision in § 37, empowering the court to adjudge costs as in actions against executors.

By the Code, (§ 317,) the law relating to costs in actions, prosecuted or defended by executors, &c., is somewhat changed. It is declared that "whenever any claim against a deceased person shall be referred, pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses, and other necessary disbursements, to be taxed according to law."

This provision is imperative in favor of the prevailing party.

In *Avery* agt. *Smith*, (9 *How. Pr. R.*,) it was decided, in view of the provision of the Code just cited, that the defendants were only entitled to the fees of referees and other necessary disbursements; that this provision had changed the law. In *Van Sickler* agt. *Graham*, (7 *How.*, 208,) it was held that the reference was not an action within the definition of the Code, and that the defendants, administrators, were not entitled to costs under the general provisions of the Code; that they were, by the Code, entitled to recover the fees of referees and witnesses, and other necessary disbursements. The court waived the consideration of the question whether the defendants were entitled to costs, according to the old fee bill of the Revised Statutes.

In *Boyd* agt. *Bigelow*, (14 *How.*, 511,) decided in this district, it was necessarily decided that such a reference was not an action, as understood and defined by the Code, but a proceeding, in which it was necessary to apply to the court for judgment upon the report of the referees. The question of costs was not up in the case.

In *Linn* agt. *Clow*, (14 *How.*, 508,) there was a reference under the statute, and the claimant recovered against an

administrator; and upon an application to the court to confirm the report, and for costs, Justice HARRIS came to the conclusion that the claim of the plaintiff had been unreasonably resisted or neglected, and awarded costs to be taxed against the defendant, and he held that the costs were the costs given by the Code in an ordinary action.

In *Munson* agt. *Howell*, (20 *How.*, 59,) the administrators defeated the claim and had a report in their favor, and it was held that they were entitled to costs against the plaintiff, as in an action under the Code. This was a general term decision in the 7th district. I have come to the conclusion that the decisions touching costs, in the two last cited cases, were correct. It is supposed by the counsel for the defendants in this case, that it was decided in *Munson* agt. *Howell* that the proceedings were an action, so that the provisions of the Code relating to costs *in actions* necessarily applied. I do not so understand the decision. It is true that the defendants had their costs adjusted by the clerk, and entered up judgment upon the report, without application to the court. The plaintiff only appealed from the *adjustment* of costs. He made no motion so set the judgment aside for irregularity. As the court were of the opinion that the defendant was entitled to costs as in an action, the adjustment was affirmed. I make this explanation, as I have no doubt the proper practice is to apply to the court for judgment upon the report, and that it is irregular to enter judgment without such application to the court. We shall, in this district, adhere to the practice as indicated in *Boyd* agt. *Bigelow, supra.* Let us again turn to the statutes. As we have seen, by the Revised Statutes, " the court may set aside the report of the referees, or appoint others in their places, and may confirm such report and adjudge costs, *as in* actions against executors."

In *an action* against executors or administrators, costs were not given, of course; but the statute contained some

special limitations; hence if there be a recovery now against the executors, &c., in one of these cases of reference under the statute, the question of costs must be determined in the light of the special limitations, as in *Linn* agt. *Clow*, *supra*, except so far as the Code has modified the statutes, to be hereafter noticed. When the claimant failed, and there was a report against him, he was *always* liable to pay costs, as in an action, and the court had the power to adjudge them, and I suppose always did so, as the special restrictions relating to costs were applicable only to executors or administrators in actions *against* them. From this view it follows that the claimant or plaintiff, who is defeated in these reference cases, must pay costs, and the question has been started, what costs? Justice BARCULO, in *Van Sickler* agt. *Graham*, *supra*, decided that the administrator could not recover the costs given in an action under the Code, and declined to decide whether he was entitled to the costs according to the old fee bill. In my opinion he was wrong. The costs are those given by the Code in an *action* between party and party, prosecuted and defended in accordance with the provisions of the Code. The provision of the Revised Statutes authorizing the court to adjudge costs, as in actions against executors, is in full force.

Now, in actions against executors, as I have already said, the plaintiff failing in his action was liable for costs, of course, and those costs were such as the statutes existing at the time had fixed for costs between party and party. The statutes relating to costs have been frequently changed, and new fee bills established, and the costs, in these reference cases, have followed these changes. The Code has made an additional change in the items of costs, and we must resort to it to ascertain how much and what the defeated party to a reference, under the Revised Statutes, is liable to pay, as the costs are to be those " in an action against executors."

I have spoken of a modification made by the Code of the

system of costs in these cases. It is found in the clause in § 317, herein above quoted, viz: "Whenever any claim against a deceased person shall be referred pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses, and other necessary disbursements, to be taxed according to law." The effect of this provision is, that now the claimant, plaintiff, will, where the report is in his favor, recover these items of costs without any regard to the fact whether the claim was "unreasonably resisted or neglected." (*See opinion of* HARRIS, *Justice, in Linn* agt. *Clow,* 14 *How.,* 510.) As I have already shown, the plaintiff failing was always liable to pay costs, including, of course, the fees of referees, &c.; hence the word "*prevailing,*" before "party," was unfortunately used. It should have been the plaintiff or claimant, leaving the executor, &c., to his full claim for costs when he succeeded.

Justice C. L. ALLEN was embarrassed with this provision of the Code, inserted as an amendment, and held that no costs could be allowed except those mentioned in this clause. He does not remark upon the word *prevailing,* but he expressed the opinion that the intention was to exclude all other costs. This conclusion must have been reached by supposing that the clause in question repealed the provision of the Revised Statutes touching the power of the court to adjudge costs in these reference cases. If such effect is to be given to this clause, it must be by *implication* only, and I am unwilling thus to repeal an important provision of the statute. It is not necessary, nor was it, as I think, so intended by the legislature.

The order appealed from in this case must be affirmed with $10 costs.