SHARON *v.* HILL.

*(Circuit Court, D. California. April 21, 1885.)*

EQUITY—PLEA IN ABATEMENT TO JURISDICTION—CITIZENSHIP—DECISION FINAL.
  Complainant filed a bill as a citizen of Nevada against defendant, a citizen of California, in the circuit court for the district of California. Defendant filed a plea in abatement, alleging that complainant was a citizen of California, whereupon complainant filed a replication, and the issue of citizenship upon hearing was decided in favor of complainant. Defendant then filed an answer to the merits of the case, and also denied that complainant was a citizen of Nevada. A replication was filed and testimony taken, and subsequently, pending the examination of witnesses, defendant offered to show by affidavits that complainant was in fact a citizen of California. *Held*, that the determination of the issue as to citizenship on the plea in abatement was conclusive, and could not be raised and determined again on affidavits or upon the denials in the answer.

In Equity.
*William M. Stewart*, for complainant.
*D. S. Terry*, for defendant.

SAWYER, J. I have before had occasion to consider and pass upon the question of jurisdiction in this case, and my convictions on the subject, as I have two or three times expressed them, are very clear. Still, as the point was again raised on this motion, I felt willing to hear further argument of counsel to see if anything new could be presented. I am satisfied that the question of jurisdiction was finally determined for this case upon the plea in abatement. Under the law, as it existed before the passage of the act of March 3, 1875, the question of the citizenship of the parties to a suit could only be raised by a plea in abatement, as decided by the supreme court in not less than a dozen cases. *Smith* v. *Kernochen,* 7 How. 216; *D'Wolf* v. *Rabaud,* 1 Pet. 476; *Jones* v. *League,* 18 How. 81; *De Sobry* v. *Nicholson,* 3 Wall. 421; *Coal Co.* v. *Blatchford,* 11 Wall. 177; *Wickliffe* v. *Owings,* 17 How. 51, 52; *Livingston* v. *Story,* 11 Pet. 351; *Sheppard* v. *Graves,* 14 How. 505; *Same* v. *Same,* Id. 512, 513. So, the thirty-ninth equity rule prescribed by the supreme court excludes from the general answer to the merits "matters of *abatement,* objections to the character of the parties, and to matters of form." Eq. Rule 39; *Wickliffe* v. *Owings,* 17 How. 51, 52. The supreme court has not modified or amended equity rule 39 since the passage of the act of 1875 which was 10 years ago. This indicates that in its opinion the act does not affect the practice of courts of equity in this particular. The court would not be likely to retain a rule so long which it supposed had been abrogated by an act of congress. Upon that plea it has been repeatedly held that the burden of proof is on the defendant. *De Sobry* v. *Nicholson,* 3 Wall. 423; *Sheppard* v. *Graves,* 14 How. 505; *Same* v. *Same,* Id. 512, 513. No decision of the supreme court made since the passage of that act as to whether this jurisdictional question may be raised in the general answer where it has not in fact been otherwise presented has been brought to my notice by counsel, and it has not been very clear to my mind what the ruling of the supreme court would be were that point so presented. In my opinion, however, the former decisions should be followed still.

If the question can be raised upon affidavits at this stage of the case, it can again be raised in any subsequent part of the proceedings, and on indefinitely. Or, if it can be raised again in the general answer to the merits, there would be no use of a plea in abatement. Such a plea upon that practice would only obstruct and prolong the proceedings, without any possible advantage to be gained thereby. The parties are entitled to have an issue once tried and determined. If through negligence or otherwise they do not present their evidence, the fault is their own, and they must abide the consequences.

I have no doubt that where a party does put in a plea in abatement to the jurisdiction, and the issue so raised by the plea is tried and determined upon sufficient pleadings as to form and substance, it is determined for the case, and the question cannot again be raised.

It seems to me to be perfectly clear upon principle that such is the case. And the practice is so settled by the supreme court in *Grand Chute* v. *Winegar*, 15 Wall. 371, wherein it is held that "a party having his plea in abatement passed upon by a jury and found against him is not permitted to set up the same matter in bar, and again go to the jury upon it." The question is by no means new to me; and in consequence of the doubt above expressed, *where no plea in abatement is interposed*, this court, in January, 1882, amended rule 9 of its rules of practice so as to read as follows:

"RULE 9. *Matters in Abatement.* All matters in abatement shall be set up in a separate preliminary answer, in the nature of a plea in abatement, to which the plaintiff may reply or demur; and the issue so joined shall be determined by the court before the matters in bar are pleaded. And when any matter in abatement, other than such as affects the jurisdiction of the court, shall be pleaded in the same answer with matter in bar, or to the merits, or simultaneously with an answer of matter in bar, or to the merits, the matter so pleaded in abatement shall be deemed to be waived. When the matter so pleaded in abatement consists of matters of fact, the plea or preliminary answer shall be sworn to. And when matters showing that the court has no jurisdiction, which might have been pleaded in abatement, are first developed during the proceedings in the cause upon the merits, the court will, upon its own motion, dismiss or remand the case, in pursuance of the requirements of section 5 of the act of March 3, 1875, and, in its discretion, tax the costs of such proceedings upon the merits so far as is practicable to the party most in fault in not presenting such matters in some proper mode, before proceeding upon the merits."

Undoubtedly, it was entirely competent for the court, there being no statute to the contrary, to establish a rule providing that matters in abatement shall be presented and tried, before going into the merits. The object of such a rule is to provide that jurisdictional and other questions of this character shall be first tried and determined, and not to admit of such questions being raised toward the end of a trial, after an extended examination or a tedious trial of the cause upon the merits. In this case counsel evidently understood that the question of citizenship should be so raised and determined, and it was in fact pleaded in abatement. No testimony was put in under the plea; and under the ruling of the supreme court that the burden was on the defendant to establish her plea the plea was adjudged to be false, and overruled for want of evidence to support it. I have regretted that the issue raised by that plea was not tried and disposed of upon evidence duly taken. But the plea having been interposed and regularly disposed of, an answer upon the merits having been afterwards put in, replication filed, issue joined, and the examination of witnesses having been proceeded with for two months, I am satisfied that this question is not now open to examination in any form.

It would be improper to go back and reopen this matter now, so long after it has been regularly determined for the case. No application was made to reopen that issue after the decision upon the

plea. Even if the court had authority, in its discretion, to reopen the issue after the decision, and before answer to the merits filed—upon which point I express no opinion—it would be improper to do so now. The time within which defendant should answer was liberally extended, and an answer upon the merits filed, issue joined, and testimony taken. It would be an abuse of discretion, if any such discretion there be, to reopen that issue.

The alleged marriage contract, as set out in the bill, both the part signed by the defendant, as well as that purporting to be signed by complainant, represents the complainant as being of the state of Nevada and defendant of California. As a matter of general public history we all know that complainant, during the time covered by the affidavits, was recognized by the state of Nevada as being a citizen of that state, and elected as such to represent the state in the United States senate, and that he was serving as such senator at the date of the alleged contract. The proper citizenship is alleged in the bill, and the issue upon that point raised by the plea to the jurisdiction was regularly determined in favor of complainant. Although in the general answer to the merits defendant has denied that complainant is a citizen of another state, as alleged in the bill, yet as the issue has already been determined on the plea to the jurisdiction on that ground, in my judgment testimony is inadmissible at this stage of the case to prove the issue thus attempted to be again raised. At all events, if that question is still open it is one of the issues to be tried in the case upon the evidence, and cannot be raised upon affidavits on a collateral motion to affect proceedings upon the issue on the merits. If I am wrong in my judgment that the question is not now open to further investigation, and that testimony upon this issue is inadmissible, my error will be corrected, and the matter authoritatively determined by the supreme court. I am, however, clear in my conviction that whatever might have been the result under the act of 1875, had no plea in abatement been filed and the issue taken thereon regularly determined, such a plea having been interposed and having been regularly determined, the question thereby raised is finally and conclusively adjudged for this case, and cannot be again opened and retried at any subsequent stage of the proceedings in the case.

The provision of section 5, that "if it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought," that it does not involve a controversy properly within its jurisdiction, it shall be dismissed, doubtless means when it shall appear in some proper mode or form recognized by the rules and established practice of the courts it shall be dismissed. It does not mean that the objection may be suggested *ore tenus*, or by affidavit, or in any other manner outside the regularly established course of practice of the court. It often happens that the defect regularly appears in the record, as when there is a want of proper allegations in the

bill or complaint, but it has not attracted the attention of the court. Whenever this is the case, or where the defect is made to appear to the court in any stage of the proceedings in its regularly established course of practice, the court must dismiss the case. This was always the rule, and the statute but gives express sanction to it, and requires its enforcement by the court, *of its own motion,* whether counsel suggest it or not, without attempting or professing to change the regularly established forms of procedure by which the defect shall be properly made to appear. It is as important· now to determine the question of jurisdiction upon a plea of abatement before going into the merits at large, as it ever was. Any other practice would be extremely inconvenient, and often oppressive. I see no satisfactory indication of an intention on the part of congress to change the practice in this particular. But however this may be, the fact as to the citizenship of complainant can only be determined upon testimony presented upon issues properly framed, in pursuance of the regular practice of the court.

The affidavits and other evidence offered on the question of citizenship relate to the residence of complainant, and it is claimed that the mere residence in any state of a citizen of the United States, under the fourteenth amendment to the national constitution, makes· him a citizen of the particular state in which he resides, and that if complainant is a resident he is also a citizen of California. My own judgment is that the provisions of the fourteenth amendment to the constitution have not so changed the law as to make a man necessarily against his will a citizen of the state in which he is residing. It doubtless gives him the right to claim citizenship of such state, but as I think does not compel him to abandon the citizenship of the state of his birth or adoption, and adopt the citizenship of the state in which some exigencies of his business or his pleasure induce him to fix his present residence.

A party may have property and various interests in different states, and his interests in some respects may well require him to retain his original citizenship in the state where he was born, or of his adoption, while other interests may be promoted by a residence in some other state. The question whether a party has a right to be a citizen of the state in which he resides is a very different one from the question whether he is compelled, willing or unwilling, to abandon his citizenship of the state of his choice, and become a citizen of the state in which he resides, whatever his interests may require. It may be that where a person establishes his domicile in a state he is *prima facie* a citizen of that state, but that the question of his citizenship is not absolutely concluded by the fact of residence temporary or otherwise. My impression is, as I have stated, that a man may elect to remain a citizen of a state of which he has become a citizen, and yet actually afterwards change his residence to another state, without *necessarily* affect-

ing his citizenship. And this seems to be the view of the supreme court of the United States, as that tribunal has several times, since the adoption of the fourteenth amendment, held that an averment of residence in a particular state, even of a citizen of the United States, is not an averment of citizenship of that state. In *Robertson* v. *Cease*, 97 U. S. 649, this point was made in the argument of counsel and noticed by the court. In deciding the point that an averment of residence in a state is not an averment of citizenship of that state, even since the adoption of the fourteenth amendment, the court observes: "Those who think the fourteenth amendment requires some modification of those rules claim, *not that the plaintiff's residence in a particular state necessarily or conclusively proves him to be a citizen of that state, within the meaning of the constitution, but only* that a general allegation of residence, *whether temporary or permanent,* made a *prima facie* case of right to sue in the federal courts;" and in *Grace* v. *American Cent. Ins. Co.*, 109 U. S. 284, S. C. 3 Sup. Ct. Rep. 207, the court says in express terms that "they may be doing business in *and have a residence in New York, without necessarily being citizens* of that state." But, under the views taken as to the conclusiveness of the determination of the question of citizenship upon the plea in abatement, for the purposes of this suit, it is not now necessary to definitely decide that important question. Did the question arise upon issues regularly framed in pursuance of the practice of courts of equity, the complainant could of course be entitled to introduce opposing testimony. But it does not now so arise. The objection on the ground of want of jurisdiction, as now presented, is overruled.