HEWITT *v.* STORY *et al.*

*(Circuit Court, S. D. California. June 17, 1889.)*

PLEADING—PLEAS IN ABATEMENT—WHEN TO BE FILED.

    Act Cong. March 3, 1875, § 5, provides "that if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not * * * involve a dispute * * * properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined * * * for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein." Rule 9 of the circuit court provides that "when any matter in abatement, other than such as affects the jurisdiction of the court, shall be pleaded in the same answer with matter in bar or to the merits, or simultaneously with an answer of matter in bar or to the merits, the matter so pleaded in abatement shall be deemed to be waived." *Held,* that neither the act nor the rule authorizes a plea to the jurisdiction to be entered after answer to the merits, and after the commencement of taking testimony.

In Equity. On motions to strike plea, and to dismiss.

*Rowell & Rowell* and *John A. Wright,* (*A. W. Thompson* and *Brousseau & Hatch,* of counsel,) for complainant.

*Geo. E. Otis* and *Byron Waters,* (*R. E. Houghton,* of counsel,) for defendants.

Ross, J. The original bill in this case was filed more than two years ago, having for its object the establishment of the complainant's alleged right to 500 inches of the water of the Santa Ana river, and the securing him in its use. Without filing any plea in abatement, the defendants, who are many in number, answered to the merits of the bill, and in due course the taking of testimony was commenced before the examiner, and continued from time to time for a considerable period. The complain-

ant was then, on motion, of which notice was required to be given, allowed to file an amended bill, in which the claim made in the original bill was reduced from 500 to 333⅓ inches of the water in question. In granting the motion of complainant to file the amended bill, it was, on motion of the respondents and upon complainant's consent, and in consideration of the fact that the taking of such testimony had cost the respective parties large sums of money and consumed much time, further ordered as follows:

"That all of the testimony heretofore taken herein, with each and all, and subject to each and all, of the several exceptions thereto, be held, deemed, and regarded as being taken upon the said amended bill of complaint, and the pleadings hereafter to be made thereto, so far as the same is or may be applicable to such amended bill of complaint, the answers thereto, and the issues presented thereby."

The amended bill was duly served on the respondents, who obtained extensions of time to plead thereto to February 4, 1889, on which day, without filing any plea in abatement or to the jurisdiction, they answered the amended bill on the merits. To that answer complainant on the same day filed his replication. February 20, 1889, was then fixed upon by the examiner for the resumption of the taking of testimony, of which due notice was given to the respective parties. Upon the representation of respondents' counsel that they desired to amend their answer, and by consent of counsel for complainant, the matter was postponed until March 6th, at which time the respective parties appeared before the examiner, and then and there entered into this stipulation:

"It is hereby stipulated that the respondents may amend their answers to complainant's amended bill of complaint herein on or before March 18, 1889, by serving and filing joint or several answers thereto, as they may be advised; that said answer or answers shall be served on complainant's solicitors on or before said 18th day of March, 1889; that verification of said answer or answers, and verification of all objections, exceptions, or replications thereto, is and are waived; that, in case complainant objects or excepts to any of said answers, such objections or exceptions, leave of the court being obtained, shall, upon two days' notice to respondents' solicitors, be set down for hearing by said court on or before March 22, 1889; that the further taking of testimony by and before Charles L. Batcheller, the examiner for said court, shall be set for and resumed on Tuesday, March 26, 1889, at 11 o'clock A. M.; that all of the testimony heretofore taken before said examiner on the original bill of complaint and answers thereto shall be deemed, held, and regarded as having been taken upon the issues framed by said amended bill of complaint and amended answer or answers thereto, so far as applicable, without taking the same anew, subject, however, to all objections taken at and upon the former hearings before said examiner, and as by him noted in said testimony, subject, however, to being read and signed by the respective witnesses."

On May 18th, instead of answering, counsel for the respondent F. E. Brown filed a plea to the jurisdiction, in which is set forth, on information and belief, that the complainant was not at the time of filing his bill, and is not now, a citizen of the state of New York, as is therein alleged, but that he then was and still is a citizen of the state of California, and that other persons claiming under the same title with complainant—

having interests in the property which is the subject of the suit, are citizens of the state of California, but are not made parties complainant or defendant; and that it is not in the bill made to appear that such other persons, or any of them, were requested to and refused to join with complainant in bringing the suit; and that the suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court, in this: that parties have been improperly or collusively made and joined as defendants for the purpose of creating a case cognizable by this court. A motion was thereupon made on the part of the complainant to strike this plea from the files of the case, and that motion, together with a motion to dismiss the suit, upon the same grounds as those stated in the plea, having been argued by the respective parties, are now to be determined.

The plea is attempted to be justified by section 5 of the act of congress of March 3, 1875, and by rule 9 of this court, as amended in January, 1882. By the act referred to it is provided "that if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit, or remand it to the court from which it was removed, as justice may require."

I understand the supreme court to have held, in effect, in the case of *Hartog* v. *Memory*, 116 U. S. 588, 6 Sup. Ct. Rep. 521, that this act has not altered the theretofore well-settled rule that, when the citizenship necessary for the jurisdiction of the federal courts appeared on the face of the record, evidence to contradict the record was not admissible, except under a plea in abatement in the nature of a plea to the jurisdiction, and that a plea to the merits was a waiver of such a plea to the jurisdiction; but that, notwithstanding the parties continue bound by that rule, "if in the course of a trial it appears by evidence, which is admissible under the pleadings and pertinent to the issues joined, that the suit does not really and substantially involve a dispute of which the court has cognizance, or that the parties have been improperly or collusively made or joined for the purpose of creating a cognizable case, the court may stop all further proceedings, and dismiss the suit;" and, further, "if, from any source, the court is led to suspect that its jurisdiction has been imposed upon by the collusion of the parties or in any other way, it may at once, of its own motion, cause the necessary inquiry to be made, either by having the proper issue joined and tried, or by some other appropriate form of proceeding, and act as justice may require for its own protection against fraud or imposition."

It is one thing for the court, in the interest of justice and in the exercise of the power conferred and duty imposed upon it by the act of

1875, whenever it has reason to suspect that its jurisdiction is being imposed upon, of its own motion to cause the necessary inquiry to be made to the end that all further proceedings may be stopped, and the suit be dismissed in the event it should be found that a fraud upon its jurisdiction has been committed, and quite another thing for parties to interpose pleas out of the regular and established order of proceedings. If the plea in question was properly filed, it might with equal propriety have been withheld until all of the testimony should be taken and then put in. It was too late when filed, or it would not have been too late then. That parties have the right, after answering to the merits and permitting testimony to be taken, thereby entailing expense upon the opposite party and consuming the time of the court and its officers, to interpose a plea to the jurisdiction which from its very nature is a matter to be first disposed of, and which under the long-established practice should be interposed before answer to the merits, seems to me out of all reason. Such a practice should never be tolerated in the absence of a statutory requirement, for it would lead to unnecessary expense to the parties, and to great uncertainty, delay, and inconvenience in the proceedings of the court. I see nothing in the act of 1875, or in rule 9 of this court as amended in 1882, which at all sustains the position of respondent that such a plea may be filed by a party at any time; and that the same view of the act of 1875 was taken by the supreme court seems to me to be clear from the opinion in *Hartog* v. *Memory, supra,* in which it is in terms stated that in its general scope the rule prevailing prior to the passage of that act has not been altered, but that the statute did change the rule so far as " to allow the court at any time, without plea and without motion, to 'stop all further proceedings, and dismiss the suit the moment a fraud on its jurisdiction was discovered.'" "Neither party has the right, however," continued the court, "without pleading at the proper time and in the proper way, to introduce evidence the only purpose of which is to make out a case for dismissal. The parties cannot call on the court to go behind the averments of citizenship in the record, except by a plea to the jurisdiction or some other appropriate form of proceedings."

Nor is there anything in rule 9 of this court, as amended in 1882, to sustain the position taken by respondent. As amended, it reads: "Rule 9. *Matters in Abatement.* All matters in abatement shall be set up in a separate preliminary answer, in the nature of a plea in abatement, to which the plaintiff may reply or demur; and the issue so joined shall be determined by the court before the matters in bar are pleaded. And when any matter in abatement, other than such as affects the jurisdiction of the court, shall be pleaded in the same answer with matter in bar or to the merits, or simultaneously with an answer of matter in bar or to the merits, the matter so pleaded in abatement shall be deemed to be waived. When the matter so pleaded in abatement consists of matter of fact, the plea or preliminary answer shall be sworn to; and when matters showing that the court has no jurisdiction, which might have been pleaded in abatement, are first developed during the proceedings in the cause upon the

merits, the court will, upon its own motion, dismiss or remand the case, in pursuance of the requirement of section 5 of the act of March 3, 1875, and, in its discretion, tax the costs of such proceedings upon the merits, so far as is practicable, to the party most in fault in not presenting such matters in some proper mode, before proceeding upon the merits." The particular clause of this rule relied upon by respondent is that reading: "And when any matter in abatement, other than such as affects the jurisdiction of the court, shall be pleaded in the same answer with matter in bar or to the merits, or simultaneously with an answer of matter in bar or to the merits, the matter so pleaded in abatement shall be deemed to be waived." Even if this was saying that such matter in abatement as affects the jurisdiction of the court may be pleaded in the same answer with matter in bar or to the merits, or simultaneously with an answer of matter in bar or to the merits, it would be no authority for the position of the respondent in the present case, where the right is claimed to interpose the plea after answer to the merits, and after the commencement of the taking of testimony.

A reference to the opinion of Judge SAWYER, however, in the case of Sharon v. Hill, 10 Sawy. 666, 26 Fed. Rep. 722, will show that the clause of rule 9, relied on by respondent was inserted by that learned judge because of a doubt entertained by him as to whether the supreme court would hold that, since the passage of the act of 1875, the jurisdictional question might be raised in the answer, where no plea in abatement had been interposed, although at the same time expressing his own opinion that the old rule had not been changed by the act. "No decision of the supreme court," said he, "made since the passage of that act, as to whether this jurisdictional question may be raised in the general answer, where it has not in fact been otherwise presented, has been brought to my notice by counsel; and it has not been very clear to my mind what the ruling of the supreme court would be, were that point so presented. In my opinion, however, the former decisions should by followed still. * * * The question is by no means new to me; and, in consequence of the doubt above expressed, where no plea in abatement is interposed, this court in January, 1882, amended rule 9 of its rules of practice so as to read" as above quoted. 10 Sawy. 669, 670, 26 Fed. Rep. 723, 724. Judge SAWYER proceeds to say, in the same opinion, that it is as important now to determine the question of jurisdiction upon a plea in abatement before going into the merits at large as it ever was, and that he sees in the act of 1875 no satisfactory indication of an intention on the part of congress to change the rule theretofore prevailing in respect to that matter. Such being my own opinion, also, the complainant's motion is granted, and an order will be entered striking out the plea of the respondent Brown. There being nothing in the present stage of the case to justify its dismissal, the motion to dismiss is denied.