### HALLOCK *v.* BACON *et al.*

#### (*Supreme Court, Special Term, Onondaga County.* October, 1891.)

COSTS—SPECIAL PROCEEDING—CLAIM AGAINST EXECUTORS.

A proceeding on a claim against a decedent's estate, presented to the executors, disputed by them, and referred by stipulation, as provided by Rev. St. (8th Ed.) p. 2562, § 37, is a special proceeding, the costs of which may be taxed, under Code Civil Proc. § 3240, providing that the court in a special proceeding may, in its discretion, award costs at the rate allowed for similar services in an action. *Overheiser* v. *Morehouse,* 16 Abb. N. C. 208, criticised.

J. Henry Hallock presented to Etta A. Bacon and others, as executors, a claim against the estate represented by them. The executors disputed the claim, and it was referred. The referee found for the claimant, the report was confirmed, and costs were taxed for the claimant. The executors move for a retaxation. Denied.

*J. William Wilson,* for plaintiff.    *H. E. Miller,* for defendants.

KENNEDY, J. This was a proceeding under the Revised Statutes upon a claim presented to the defendants, as executors, against the estate represented by them, disputed, and referred by stipulation of respective parties, a trial had before a referee, who found and reported the full amount claimed to be owing by the estate. On a motion made to confirm said report and judgment, an order of confirmation was granted, and judgment ordered for the plaintiff, with costs. The plaintiff presented to the clerk a full bill of costs allowed by the Code to the successful party as in an action. Upon taxation the defendants objected to the allowance of any costs except for referee's fees and disbursements. The clerk overruled the same, and taxed, among others, the following items: Before notice of trial, $15; after notice and before trial, $15; trial fee, $30; trial occupying more than two days, $10. The question is presented whether these items are taxable as a charge against the estate under the order allowing costs. Was the question an original one, it would seem that its proper solution would not be attended with any serious difficulty. The proceedings are instituted and followed to a conclusion under and

in pursuance of the provisions of the Revised Statutes. Volume 4, (Banks, 8th Ed.) p. 2562, § 37. This provides that the referee shall hear and determine the case, and the same proceedings shall be had in all respects,—the referee shall have the same powers, be entitled to the same compensation, and subject to the same control,—as if the reference had been made in an action in which the court might order a reference; and the court may set aside the report of the referee, or appoint others in his place, and may confirm such report, and adjudge costs as in an action against executors. The Code of Civil Procedure, (section 3333,) defines an action, when applied to judicial proceedings, to be an ordinary prosecution in a court of justice of a party against another party for the enforcement or protection of rights, etc. Every other prosecution of a party for either of the purposes specified in the last section is a special proceeding. Section 3334. Proceedings of this kind are therefore special proceedings, and they are so defined in *Denise* v. *Denise,* 110 N. Y. 569, 18 N. E. Rep. 368, and in other cases. By section 317 of the old Civil Code, it is provided that on a reference of a disputed claim the prevailing party shall be entitled to recover the fees of the referee, witness' fees, and other disbursements, to be taxed according to law. This section was an amendment enacted in 1851, and has not been repealed, and therefore the successful party is entitled to recover these items of course, and without application to or the order of the court, and so far changes the provision of the Revised Statutes, which left the right to disbursements, as well as costs, in the discretion of the court, leaving it, however, in its discretion to award costs in addition to such disbursements. This proceeding being a special proceeding, sections 1835 and 1836 of the present Code do not apply to it, as these provisions only apply to actions. Being special proceedings, the right of a party to costs, independent of disbursements, is to be determined by section 3240 of the Code, which provides that costs, in a special proceeding instituted in a court of record, or upon appeal in such proceeding, taken to a court of record, when the costs are not especially regulated by this act, may be awarded to any party, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court, or on appeal from judgment taken to the same court and in like manner. It appears quite evident that, while these are instituted and prosecuted under the Revised Statutes, so far as the question of the allowance of costs other than disbursements, either for or against an executor or administrator, is concerned, it is one entirely within the discretion of the court; and the amounts to be recovered, if allowed, are those defined in the above section of the Code, and include statutory compensation as well as disbursements. The provision of the Code defining what a special proceeding is, is sufficiently broad to include every possible case coming within the same, whether the right of the parties is created by the Revised Statutes or the Code itself. By the Revised Statutes, the allowance of costs in these proceedings is left in the discretion of the court. By section 317, above quoted, referee's fees, witness' fees, and other disbursements are awarded the successful party as a matter of course without the intervention of the court. But this provision does not deprive the court of power in a proper case to award costs in addition to such disbursements. *Hauxhurst* v. *Ritch,* 119 N. Y. 621, 23 N. E. Rep. 176. By the provisions of the Code (section 3240) above quoted, in special proceedings the same discretion as by the Revised Statutes is delegated, and that part of the provision of the Code which defines the costs when allowed also fixes the amount. The rate of compensation as to costs is to be determined by the statute in force fixing the same at the time the proceedings are determined. *Supervisors* v. *Briggs,* 3 Denio, 173. The conflict in the numerous decisions upon the question of costs in special proceedings of this kind cannot be easily reconciled. Thus in *Linn* v. *Clow,* 14 How. Pr. 508; *Munson* v. *Howell,* 20 How, Pr. 59; *Boyd* v. *Bigelow,* 14 How. Pr. 511; *Radley* v. *Fisher,* 24 How. Pr. 404,—each a decision of the gen-

eral term, and each made after the amendment to the Code in 1851, which gave referee's fees and disbursements to the successful party on a reference of a disputed claim,—it is held that the court may allow costs as in an action.   In *Overheiser* v. *Morehouse*, 16 Abb. N. C. 208, it is held that the question of costs is controlled by sections 1835 and 1836 of the Code; a mistaken application, as above suggested, since those sections relate exclusively to an action, while this is a special proceeding.   In *Sutton* v. *Newton*, 15 Abb. N. C. 452, it is held, as stated, that sections 1835 and 1836 do not apply to the case, and that, as a matter of right, the prevailing party is entitled to the referee's fees and disbursements.   The case of *Denise* v. *Denise, supra*, does not seem to me to dispose of the question, since the right of the court to award costs as in a special proceeding was not in the case, as assumed by the court in the case of *Blankman* v. *McQueen*, (Sup.) 11 N. Y. Supp. 509, and upon the strength of which the decision in that case rests.   Regarding this, then, as a special proceeding, I think, upon the application for confirmation of the referee's report, the court has the power to award costs to the successful party, under section 3240 of the Code, and that the costs so awarded are those given in an action for similar services.   If right in the foregoing, it follows, the court having awarded the plaintiff costs, that the items objected to were properly taxed.

The motion for retaxation should be denied, and without costs.