ROBERTS et al. v. LANGENBACH et al.

(Circuit Court of Appeals, Sixth Circuit.　December 2, 1902.)

No. 1,123.

1. FEDERAL COURTS—ISSUES ON JURISDICTIONAL ALLEGATIONS—MANNER OF TRIAL.

Where a jurisdictional allegation in a plaintiff's pleading in an action at law in a federal court is denied by the answer, and the code practice of the state requires matters in abatement to be pleaded by answer, an issue of fact is thus joined, which is to be tried with the other issues, although it should be submitted to the jury for a separate finding distinct from that on the other issues.

In Error to the Circuit Court of the United States for the Western District of Kentucky.

Charles L. Jewett, for plaintiffs in error.

Henry Burnett, for defendants in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. This is a controversy between rival claimants to the possession of a tract of land in Kentucky supposed to contain mineral oil. The plaintiffs in the court below claimed possession under a lease of the premises from W. H. Mann, who was the owner, bearing date May 22, 1900. The defendants claimed under a lease from the same lessor dated September 2, 1901; their contention being that the former lease had before that time been forfeited and abandoned by the lessees, whereby the owner was privileged to grant the later lease to them. The petition set forth the former lease, and the rights claimed to have inured under it,—among them, the right to the possession of the leased land,—and alleged the forcible expulsion of the petitioners from the possession by the defendants under claim of right secured by the second lease; and the petitioners prayed for restitution of the possession of the premises. In founding the jurisdiction, the petition stated that the right claimed was of the value of $2,000, exclusive of interest and costs. The defendants, answering, denied in general the right claimed by the petitioners, and the forcible expulsion charged, and denied that a sum amounting to $2,000 was involved in the controversy. Upon the trial the defendants proposed to prove and offered evidence in support of their answer in respect to the amount or value involved in the controversy, as affecting the jurisdiction. This was objected to by counsel for the plaintiffs. The objection was sustained by the court, and defendants excepted. The reason for this ruling is not stated in the bill of exceptions, but we are advised by the opinion of the trial court that it was upon the ground that, being a plea to the jurisdiction, it was a preliminary question to be tried by the court, and was not for the jury. A doubt was expressed whether the plea was good, but the answer to that part of the plaintiffs' petition relating to this subject was not demurred to. Moreover, it was an express denial of the allegations of the petition in that behalf, and surely, if the petition was sufficient, the answer was. We do not doubt, however, that each was sufficient as a pleading. The question upon this branch of the case, therefore, is whether the court was right in holding, as it apparently did, that the answer should, in this respect, be treated as a plea to the jurisdiction, which should be first tried by the court without a jury.

Pleadings in Kentucky are regulated by a Code, and by that the old distinctions in regard to pleading; between matters which would abate the action and those which would defeat it on the merits, are superseded. The defendant may, by answer, present defenses of either kind or of both kinds, and he may have a trial by jury of any issue of fact so presented. Probably the court had in mind the practice prevailing under the common law, where it was held that such an objection as this must be pleaded in abatement and be first determined. Sheppard v. Graves, 14 How. 505, 14 L. Ed. 518. Even then, if an issue of fact arose upon such a plea, it was triable by jury.

But it has been held, since the old system of pleading was superseded in many of the states by a code of practice, and the passage of the act of congress requiring the courts of the United States to conform to the modes of the state practice in the trial of actions at law, that the defendant may plead by answer facts which would defeat the jurisdiction; and, indeed, that is the only proper way in which it may be done under the code practice in general. Pom. Code Rem. § 721. A very similar question was presented to the supreme court in Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579. In that case, which was tried under the regulations of the Nebraska Code of Practice, the petition stated that the parties were citizens of different states, specifying them. The defendant's answer was a general denial. It was held that this put in issue the citizenship of the parties, and, for the reason that the record showed no proof or any finding upon that issue, the judgment, which was for the plaintiff, was reversed. The change, which had resulted in the practice of the federal courts in several states from the adoption of codes, was fully explained in the opinion by Mr. Justice Gray.

Doubtless the court should take measures upon the trial to present the several issues of fact to the jury distinctly, so that their finding may distinguish their conclusions upon each as the necessities and justice of the case may require. In the case of Ashley v. Board, 8 C. C. A. 455, 60 Fed. 55, this court was required to deal with a similar question. The record showed no issue upon the question of the bona fides of the citizenship alleged, but it did show that evidence was given upon the trial which raised a doubt upon that question. The jury had rendered a general verdict for the defendant. In reviewing the judgment for errors touching the merits, we pointed out the necessity for keeping the issues in such a case distinct, and requiring the verdict to respond to them; and we also directed that an amendment of the pleading might be made so as to present the question referred to, whereupon a separate verdict by the jury could be taken, or the court might determine the question for itself under the act of 1875. But the question here involved does not arise under the act of 1875, which gives to the court the power to dismiss the cause at any stage where it is convinced that a fraud upon the jurisdiction is being practiced, but arises in the regular course of pleading upon an issue in terms presenting it, quite independently of that act.

We shall pursue the course adopted by the supreme court in Roberts v. Lewis, above cited, and, refraining from expressing any opinion of the merits at the present time, reverse the judgment, and remand the case to the circuit court for further proceedings in accordance with the opinion of this court. It is so ordered.

### On Petition for Rehearing.

(January 6, 1903.)

PER CURIAM. In this cause a petition for rehearing has been filed. It is pressed upon us that our opinion is in conflict with the decision of this court in Butchers' & Drovers' Stock Yards Co. v.

Louisville & N. R. Co., 14 C. C. A. 290, 67 Fed. 35, in which it was held, citing Wickliffe v. Owings, 17 How. 47, 15 L. Ed. 44, that a denial of the fact that the requisite amount to support the jurisdiction is involved could not be set up in an answer, but must be pleaded in abatement. There is, however, no such conflict as counsel supposes. The case referred to was a suit in equity. The bill alleged the necessary fact, and there was no special plea in abatement; but the alleged fact was denied by the answer. The case was similar in this respect to that cited from the supreme court. The pleading and practice of the circuit courts of the United States in equity are not affected either by the alteration of the codes of the states which have adopted them, as has been constantly held, or by the act of congress requiring the United States courts to follow the method of procedure in the courts of the states, suits in equity being expressly excluded by the act. Hence that decision.

The case we have at hand is an action at law. By the code of Kentucky matter in abatement and defenses going to the merits are to be pleaded in the answer. The circuit court was required to follow that method of procedure. As was said by Mr. Justice Bradley in Amy v. City of Watertown, 130 U. S. 301, 304, 9 Sup. Ct. 530, 531, 32 L. Ed. 946: "The statute of 1872 is peremptory, and whatever belongs to the three categories of practice, pleading, and forms and modes of proceeding must conform to the state law and the practice of the state courts, except where congress itself has legislated upon a particular subject and prescribed a rule." These considerations ought to make the distinction between our former decision and the present clear.

It was incumbent upon the defendants to deny in their answer the allegation of the petition in respect to the value of the matter in controversy, if they desired to put it in issue; for, although in the state court such an allegation not accompanied by an allegation of an express promise, or by a statement of facts showing an implied promise, to pay such value, would not be regarded as so far material that it would be necessary to deny it in order to put the plaintiff to his proof (see Code Ky. § 126), yet in the United States circuit courts, the jurisdiction being limited by the requirement that a certain sum must be involved in the controversy, the rule is otherwise. The allegation is material and necessary, and without it the petition would be demurrable.

There is no other ground suggested for a rehearing that has not been fully considered in the opinion hitherto filed.

The petition for rehearing is denied.