LINDSAY–BITTON LIVE STOCK CO. v. JUSTICE et al.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1911.)

No. 3,524.

COURTS (§ 347*)—JURISDICTION OF FEDERAL COURTS—NECESSITY OF PROVING JURISDICTIONAL AVERMENTS—EFFECT OF GENERAL DENIAL IN ANSWER.

In a code state, where a general denial puts in issue every material allegation of the complaint not specifically admitted, which rule of pleading is made applicable in the federal courts by the conformity statute (Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]), a general denial puts in issue an allegation of diverse citizenship made in a complaint in a federal court, and imposes on the plaintiff the burden of proving the same to sustain the jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the District of Utah.

Action by Theodore Justice and others against the Lindsay-Bitton Live Stock Company. Judgment for plaintiffs, and defendant brings error. Reversed.

H. H. Henderson, for plaintiff in error.

William H. King, for defendants in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. The jurisdiction of the Circuit Court for the District of Utah which rendered the judgment sought to be reversed here is first challenged by the plaintiff in error. Diversity of citizenship of the parties plaintiff and defendant below was the ground upon which jurisdiction was invoked. The plaintiffs in their complaint alleged:

"That said plaintiffs and each of them are residents within and citizens of the state of Pennsylvania; * * * that the defendant, Lindsay-Bitton Live Stock Company, is a corporation domiciled in the state of Utah, and is a citizen of said state. * * *"

The answer of the defendant after admitting certain averments of the complaint, not including those concerning citizenship of the parties, continues thus:

"Except as hereinbefore admitted and alleged, this defendant denies each and every allegation contained in plaintiffs' complaint."

The statutes of Utah (Comp. Laws Utah 1907, c. 12, § 2968 et seq.) contain the same provisions about pleadings as are found in the Code of Missouri referred to in Cole v. Carson, 82 C. C. A. 408, 153 Fed. 278. We held in that case, following Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579 (cited with approbation in Wells Co.

v. Gastonia Co., 198 U. S. 177, 182, 25 Sup. Ct. 640, 49 L. Ed. 1003, and in other prior cases), Yocum v. Parker, 66 C. C. A. 80, 130 Fed. 770, Roberts v. Langenbach, 56 C. C. A. 253, 119 Fed. 349, and Toledo Traction Co. v. Cameron, 69 C. C. A. 28, 137 Fed. 48, that, since 1872, when the conformity act (R. S. § 914 [U. S. Comp. St. 1901, p. 684]) was passed, in states where the answer according to the Code must contain a general or specific denial of each material allegation of the petition intended to be controverted by the defendant, the common-law requirement of pleading matters in abatement before taking issue on the merits is superseded, and that the general denial in the answer puts each and every such allegation in issue, whether they be matters in abatement or in bar. According to the doctrine of the foregoing cases, the general denial in the defendant's answer put in issue plaintiffs' allegations of diverse citizenship of the parties, and imposed upon him the obligation and indispensable duty of making proof of such allegations.

No such proof was made in this case; and on the authority of the cases cited and in harmony with the latest utterance of the Supreme Court on the general subject (C., B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521) no other course is open to us but to reverse this judgment for want of proof of jurisdiction in the trial court.

The case of Hill v. Walker, 92 C. C. A. 633, 167 Fed. 241, of course, has not escaped our attention. The writer of the main opinion in that case, Judge Amidon, seems unwilling to accept the interpretation this court had theretofore put upon the opinion of the Supreme Court in Roberts v. Lewis. The separate concurring opinion is not an assent to the views of Judge Amidon. Judge Sanborn concurring in the result only entertained the opinion that there was substantial evidence to sustain the jurisdictional averments, and held that, as no declarations of law were asked or given on that subject, no question was reserved for the consideration of this court.

Judge Hook in his dissenting opinion critically analyzed all the cases, acknowledged the controlling authority of Roberts v. Lewis, and reaffirmed the doctrine of this court on the subject. Hill v. Walker is therefore no authority against the conclusion arrived at in this case. The judgment is, therefore, reversed, with directions to grant a new trial. If plaintiff on another trial shall be unable to prove the jurisdictional averments of his petition, the Circuit Court should dismiss his case, without prejudice, however, to his right to institute it in any other court of competent jurisdiction.