Barnes *v.* Matteson.

---

SAME TERM. *Before the same Justices.*

## BARNES *vs.* MATTESON.

To a declaration in assumpsit the defendant pleaded that under proceedings in bankruptcy, instituted by the plaintiff, a decree had been obtained by which all the plaintiff's property, including the promise in the *declaration mentioned,* was vested in T. B., the assignee appointed by the court. The plaintiff replied that after the said decree, T. B., the assignee, for a valuable consideration, paid to him by the plaintiff, duly sold, transferred, and assigned to the plaintiff all the right, title, and interest of the assignee to the promises, &c. in the declaration mentioned ; *Held* that the replication was not bad, for want of an averment that the sale and transfer by the assignee to the plaintiff were made in pursuance of an *order of the court ;* and that a general averment of the sale and transfer was good on general demurrer.

A pleading which sets up two good defences and is therefore double, and which omits to state the time and place when and where the several acts set up in the pleading took place, is bad on demurrer.

DEMURRER to the rejoinder of the defendant to the replication of the plaintiff to the fourth plea of the defendant. The action was assumpsit. The fourth plea alleged that the plain-

Barnes *v.* Matteson.

tiff, on or about the 8th of February, 1843, presented his petition to the district court of the northern district of New-York, under the act of the 19th of August, 1841, and setting forth substantial parts of the schedule; and that such proceedings were had in the said district court that afterwards, on the 28th of March, 1843, by the consideration and judgment of that court, the said Wheeler Barnes was in due form of law declared and decreed a bankrupt; that by the said judgment all the right, title and interest of the said Wheeler Barnes to the said several supposed promises and undertakings, in the plaintiff's declaration mentioned, became vested in Thomas Beekman, the assignee, under the 62d rule of the court; concluding with a verification. To this plea the plaintiff replied, that after making the said decree, to wit, on the 25th day of August, 1843, the said Thomas Beekman, the assignee mentioned in the said plea, for a valuable consideration paid by the plaintiff, duly sold, assigned, and transferred among other things, the promises and undertakings in the declaration. The replication concluded by praying judgment, &c. To this replication the defendant rejoined that the said Wheeler Barnes presented a schedule annexed to his petition, which he swore was an accurate inventory of his property, rights and credits, of every name or nature, and the situation of each and every parcel and portion; that the said Wheeler Barnes knowingly, falsely and fraudulently, and with the intention of defrauding his creditors and of becoming the purchaser of the property, rights and credits himself, inventoried in his schedule a large number of debts of less amount than were due to him; that he inventoried debts which were good and collectable as insolvent and worthless; and the rejoinder set forth several demands, particularly; and alleged that the plaintiff falsely stated to the assignee that the debts inventoried were not collectable, with the intention to purchase them himself, and that there was no valid sale, assignment, or transfer from the said assignee to the said plaintiff for a valuable consideration. To that rejoinder the plaintiff demurred and assigned several special causes of demurrer; and the defendant joined in demurrer.

Barnes v. Matteson.

*W. Barnes*, plaintiff, in person.

*A. Bennett*, for the defendant.

*By the Court*, GRIDLEY, J.   The plaintiff claimed to recover in his declaration, for use and occupation and on several other grounds of indebtedness.   The plea set forth the proceedings of the plaintiff in bankruptcy, with a decree by which all his property, including the promises in the declaration mentioned, was vested in Thomas Beekman, the assignee appointed by the court.   The plaintiff replied, that after the said decree the said assignee, for a valuable consideration paid to him by the plaintiff, duly sold, transferred and assigned to the said plaintiff all the right, title and interest of the said assignee to the promises and causes of action in the declaration mentioned.   To this replication the defendant rejoined several matters, and to the rejoinder the plaintiff demurred, and assigned many special grounds of demurrer.

The defendant's counsel now insists that the replication of the plaintiff is bad in substance, and that the judgment, for that reason, must pass against him, on the ground that he committed the first fault in pleading.   The objection to the replication, on which the defendant relies, is the absence of any averment that the sale and transfer of the demands which constitute the subject matter of the suit, by the assignee to the plaintiff, were made in pursuance of an order of the court.   The assignment is founded on the provisions of the third section of the bankrupt act.   In that section it is enacted that " the assignee so appointed shall be vested with all the right, title, power and authority *to* sell, manage and dispose of *the* same, [the property of the bankrupt,] and to sue for, and defend the same, *subject to the order and direction of the said court,* as fully and to all intents and purposes as the same were vested in and might be exercised by the bankrupt before or at the time of his bankruptcy."   The proposition for which the defendant contends is, that the pleader should have set out the order of the court authorizing the sale and transfer, and then have stated, by an appropriate

Barnes *v.* Matteson.

averment, such facts as would show the sale and transfer to have been made in pursuance of such order. I cannot think such an averment necessary. The assignee was vested with full power " *to sell and dispose of* " the demands which constitute the cause of action in the suit; and the only restriction imposed upon him is that in so doing he, as an officer of the court, shall be subject to the orders of the court. Now the consequence of a violation of this provision would be that any person, whose rights should be affected thereby, might have his appropriate relief, by setting aside the sale or otherwise. But there is nothing in the act to show that any special order is to be made regulating and directing such sales, either generally or in each particular case. It does not appear that any such order has been made in this case, and much less that, if made, it has been violated. If any such fact exists, it must at least be pleaded. The general averment of the sale and transfer is good on a general demurrer.

This brings us to the consideration of the rejoinder. It has hardly been contended that it could be supported. It certainly cannot on a special demurrer. Its defects in form are numerous. It seeks to raise an issue, whether the assignment is valid in law, without setting forth the facts on which its invalidity depends. This is a good defence if well pleaded. Again ; it avers what is intended to be a fraudulent concealment of certain debts due to the plaintiff, to show the discharge void under the fourth section of the bankrupt act. This is also a good defence, if well pleaded. But the facts are not so pleaded as to amount to a fraud under that section. The pleading is therefore double. Another defect in form is an omission of any statement of the time and place, showing when and where the several acts set up in the pleading took place.

The demurrer must therefore be allowed, and the defendant may amend on payment of costs.