## WALLACE *vs.* BASSETT and others.

The power conferred upon married women to *devise* real and personal estate, by the act of April 11, 1849, amending the act of April 7, 1848, for the more effectual protection of the property of married women, was not repealed by the act of March 20, 1860, concerning the rights and liabilities of husband and wife.

Deeds of present separation, between husband and wife, are valid so far as relates to the trusts and covenants by which the husband makes provision for the wife, and the indemnity given to the husband by the trustees. Such covenants are mutual and dependent.

By articles of separation, between husband and wife, the former covenanted that the latter might enjoy all her estate, goods, &c. that belonged to her when she was married; and that he would not claim or demand any property which she should thereafter own, or which should be devised or given to her, or which she might otherwise acquire; and he conveyed to the trustees certain real and personal property and agreed to convey other real estate, in trust for the wife's support. The trustees agreed to take the estate so conveyed and to be conveyed, in full satisfaction for the support and maintenance of the wife; and the property was to be disposed of as the wife and the trustees might deem proper. The trustees also agreed to indemnify the husband against the wife's debts or the expenses of her support &c. The husband afterwards conveyed to the trustees the real estate agreed to be conveyed. *Held* that the husband was *estopped* by the covenants in the deed of separation, from claiming, after the death of the wife, a life estate in the land so conveyed by him to her, under the tenth section of the act of March 20, 1860, as her survivor.

THIS was an action of ejectment, tried at the Washington circuit in May, 1863. The plaintiff claimed a life estate in one-third of the premises under the provisions chapter 90,

*Sess. Laws of* 1860, as the survivor of his wife, Jane Wallace, who died 17th November, 1860, seised of the real estate described in the complaint, in fee, in her own name. The action was tried without a jury. The facts sufficiently appear in the opinion.

*James J. Lourie,* for the plaintiff.

*L. A. Boies,* for the defendants.

POTTER, J. The plaintiff's claim to recover in this action is based on the tenth section of the act of the legislature, chapter 90, passed March 20, 1860, which is in the following words: "§ 10. At the decease of husband or wife, leaving no minor child or children, the survivor shall hold, possess and enjoy a life estate in one-third of all the real estate of which the husband or wife died seised." Technically, the plaintiff has brought himself within the provisions of this section. He survived his wife; she died in November of the year 1860, leaving no minor child or children. She, at the time of her death, owned the estate in question in her own name in fee; having purchased it in 1858. The defendants were in possession at the commencement of the action; possession had been previously demanded by the plaintiff, and refused by them. This is the plaintiff's case. The defendants make claim to the estate by devise from Jane Wallace, the wife of the plaintiff, to Catherine Ann Bassett, one of the defendants, now an infant, under whom, through her guardian, the defendants are in possession. The will of Jane Wallace had been duly proved as a will of both real and personal estate before the surrogate of Washington county, and in terms it gave and devised all the testatrix's real and personal estate to the defendant Catherine Ann Bassett. The defendants also set up, by way of estoppel to the plaintiff's right of recovery, articles of separation between the plaintiff of the first part, Jane Wallace, his wife, (the testa-

trix) of the second part; and George Fisher and Lyman H
Tucker, trustees therein mentioned, of the third part, dated
8th January, 1848.   By these articles the plaintiff and his
wife covenanted and agreed to live separate and apart, during
their lives.   The testatrix to live where and with whom she
pleased, without disturbance from him, the plaintiff; that
she might enjoy all her estate, goods, furniture, jewels, &c.
she brought to him when she became his wife; and the
plaintiff therein further covenanted "that he would not claim
or demand any property, *which she shall or may hereafter
own*, or which shall be devised or given to her; or *that she
may otherwise acquire."*   The plaintiff also covenanted
therein with the said trustees, parties of the third part, and
conveyed to them certain real and personal property which
came to him by his said wife, and agreed that he would
thereafter convey to them a certain lot of real estate, in trust,
for the maintenance and support of his said wife.   By the
evidence in the case it appeared that this last mentioned real
estate had been purchased with the moneys of the testatrix;
except about $130.   The said trustees, of the third part,
agreed to take the estate so conveyed, and to be conveyed,
"*in full satisfaction for the support and maintenance, and
all alimony whatever of the said Jane Wallace,"* and the
property was to be disposed of as the testatrix and the trus-
tees might deem proper; and in consideration of one dollar
received from the plaintiff, the said trustees, of the third part,
covenanted and agreed with the plaintiff to indemnify and
save him harmless from all debts contracted, or thereafter to
be contracted, by the said Jane, or on her account, and to
repay to the plaintiff all debts that he might be compelled
to pay on her account, and to indemnify the plaintiff against
the expenses of the support and maintenance of the said
Jane, his wife, wherever she might be, or whether she might
be a town or county charge, to all which the parties respec-
tively bound themselves, their heirs, executors and adminis-
trators.   The plaintiff subsequently conveyed to the trustees,

as such, the lot of land in the agreement mentioned, and the separation immediately took place, and continued during the life of the testatrix. Fisher, one of the trustees, died in 1854. Tucker still survives. Neither they nor the survivor have any claim against the premises, and neither of the trustees ever gave any consent in writing to the testatrix's making a will. These facts constitute the defense.

1. The first question of law that arises in the case is as to the power of the testatrix to make a will. This power did not exist at common law, without the consent of the husband. It was however conferred by statute, by the act for the more effectual protection of the property of married women, passed April 7, 1848, amended 11th April, 1849, (*ch.* 375, § 3, *as amended,*) which provided "that any married female may take by inheritance or by gift, grant, devise or bequest, from any other person than her husband, and hold to her sole and separate use, and convey and *devise* real and personal property, and any interest or estate therein &c., "*and with like effect as if she were unmarried,*" &c. The act of 1848 authorized married women to *receive* and *hold* property; but omitted the power to make contracts, and the power to *devise,* which power was added by the act of 1849. These powers remained and were in full force when the act of 1860, chapter 90, (*Laws of* 1860, *p.* 157,) was passed. This latter act, nowhere in *terms,* repeals the right or the power of married women to *devise* their estates; though the third section of the last named act modifies her power to *convey* and to make *contracts,* in reference to her separate estate, without the assent in writing of her husband, except in certain cases. If the power to *devise* so conferred has been repealed, it must be by implication arising from the language of the 96th section of this last named act, which is "that at the decease of husband or wife, &c. the survivor shall enjoy a life estate in one-third of all the real estate of which the husband or wife shall die seised." Repeal by implication is not a doctrine favored by the courts. *Dwarris,* in his

work on the *construction of statutes*, 532, lays down the rule "that a general statute, without negative words, will not repeal the particular provisions of a former one, unless the two acts are irreconcilably inconsistent." (*Foster's case*, 11 *Co. R.* 63.) In *Bowen* v. *Lease*, (5 *Hill*, 225,) Nelson, Ch. J. said: "The invariable rule of construction in respect to the repealing of statutes by implication is that the earliest act remains in force, unless the two are manifestly inconsistent with and repugnant to each other; or unless in the latest act some express notice is taken of the former, plainly indicating an intention to abrogate it." As laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject, it is but reasonable to conclude that the legislature in passing a statute did not intend to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the law is irreconcilable." Testing the statute of 1860, by this sensible rule, the power to *devise*, conferred by the act of 1849, upon married females, is still in force, or was in force at the time of the death of the testatrix.

The two statutes may exist together; the former being in force in cases where a devise is made, the latter in cases of intestacy.

2. I am also of opinion that the plaintiff is *estopped* from bringing this action by his covenants in the deed of separation. He covenanted with her that he would not claim or demand any property which she should thereafter own, or that she might otherwise *acquire.* The property in question she did *afterwards acquire*, and did *own*, and it is now settled that deeds of *present separation* are valid, so far as relates to the trusts and covenants by which the husband makes provision for the wife, and the indemnity given to the husband by the trustees. (2 *Bright on H. and Wife*, 313. *Rodney* v. *Chamber*, 2 *East*, 293.) The covenants were mutual and dependent. The trustees, in her behalf, in consideration of property granted and to be granted for her

support by the plaintiff, as well as his covenant to claim no property which she might thereafter own or acquire, covenanted on their part to indemnify him against her future support and future alimony. The plaintiff's covenants were for her benefit, as well as for the benefit of her trustees. Her covenants, and the covenants of the trustees, were for the plaintiff's benefit. Upon this consideration the plaintiff enjoyed the benefit during her life of all the covenants made by her and her trustees in his favor. The covenants were mutual, reciprocal and beneficial to all the parties, and were acted upon by all the parties; and the consideration was solemnly acknowledged. He was relieved during her life from her support. It would be grossly inequitable and unjust, as well as immoral, not to hold him estopped by his deliberate and solemn covenants. (*Dennison* v. *Ely*, 1 *Barb.* 623.) Estoppels may always be resorted to as a means to prevent injustice, always as a shield. (*Pierrepont* v. *Barnard, 5 Barb.* 375.) This is the rule wherever it can be seen that the act, or the covenants, must have had the effect of influencing the conduct of the party setting them up; and especially where the party making the claim has had a consideration, or has induced the other to act upon it. (8 *Wend.* 480, 483, *and cases cited.* 13 *id.* 178. 15 *id.* 311, 312. *Bell* v. *Thorn, Hill & Denio,* 433, 434.)

I think the plaintiff's complaint should be dismissed, with costs.

Judgment accordingly.

[WASHINGTON SPECIAL TERM, May 26, 1863. *Potter,* Justice.]