Westbrook, J.
The plaintiff, who has obtained the report of a referee in his favor for the sum of $4,468.62, moves for the confirmation of the report and for costs. To the former, as there has been no case with exceptions presented, nor any cause shown why the plaintiff should not have a confirmation of the report, he is entitled, but to the latter there are serious objections to be considered.
It was a reference under part 2, chapter 6, title 3, article 2 and section 36 of the Revised Statutes (2 Edm. ed., 91). The claim as presented was for $9,013.08, upon which there was a credit given for $1,800, making the balance claimed by the bill as originally presented $7,213.08. Subsequently, however, an amended bill was presented by which the balance claimed was $9,462.68.
The report of the referee found the indebtedness of the deceased to the plaintiff to be $7,829.99, and that of the plaintiff to the deceased $4,072.73, leaving due from the latter, at the time of death, to the former, $3,757.26. The referee allowed interest on the balance found due to the plaintiff from the day of the commencement of this proceeding (May 3, 1882), which was $711.36, making the total sum found due at the date of the report (June 26, 1885) $4,468.62.
It was conceded upon the argument, and so the law is, that *259 to justify the recovery of costs as in an action in which costs are given, the claim of the plaintiff must have been unreasonably resisted. Whether or- not the plaintiff is entitled to referee’s fees and disbursements will be hereinafter considered, but the question first to be discussed is, was the payment of the claim of the plaintiff unreasonably resisted or neglected.
The reduction of such claim from $7,213.08, as originally presented, to $4,468.62, and the establishment of a set-off of $4,072.73 instead of $1,800, as allowed upon the bill as presented, are facts which conclusively demonstrate that the resistance to the demand of the plaintiff was not only not unreasonable, but, on the contrary, reasonable and necessary.
It was strenuously, however, urged by the counsel of the plaintiff that as he had proved his claim by the defendant, she had full knowledge of its justice, and therefore it should have been paid without a reference. To this argument there are twro answers: 1st. The justice of the cause of action of the plaintiff alone, unless the bill as presented gave a proper credit, would not make resistance to the payment of the balance demanded unreasonable. The defendant may have proven the integrity and propriety of the plaintiff’s charges, but either her evidence or some other testimony submitted to the referee satisfied him that the credits or set-off upon or to the bill as presented were over $2,000 greater than the plaintiff’s affidavit attached thereto admitted. The resistance was to the payment of the balance demanded, and its large reduction is the justification of the defense made. 2d. The defendant (the executrix) is the sister of the plaintiff. The claim of the plaintiff was for board of the deceased and his wife (the defendant), and horse keeping during a period of six years (from February 2, 1875, to February 2, 1881); and as the payment and allowance of such an account, involving among other things questions of value, by a sister in favor of a brother out of the residuary of an estate devised to strangers, was sure to be contested upon an accounting, it was not unreasonable that the defendant should for her own protection insist that *260 the amount to be allowed, and paid should be fixed and established by a legal proceeding. ¡Neither was it unreasonable for the residuary legatee under the will of the deceased, “ The Children’s Aid Society of the city of ¡New York,’’ to inquire strictly and sternly into the validity of a claim of the character of that presented by the plaintiff, concerning which it had no knowledge. It was hardly reasonable to suppose that board, lodging, and horse keeping would be furnished by a needy brother-in-law to a relative abundantly able to pay (the circumstances of the parties were conceded upon the motion) for a period of six years, and an indebtedness allowed to accumulate of several thousand dollars. This was scarcely to be expected, and the residuary legatee, itself a trustee charged with a sacred trust in behalf of helpless ones, only did its duty reasonably, in making the defense.
For the reasons which have just been given, the motion, so far as it asks for costs generally and for an allowance, must be denied, and with the enunciation of this conclusion we are brought to the second question : Is the plaintiff entitled to referee’s fees, witnesses fees and disbursements ?
It will be conceded that by section 317 of “ The Code of Procedure ” such fees and disbursements were given. That section provided that when a claim against a deceased person’s estate was referred under the provisions of the Revised Statutes, as this one was, that “ the prevailing party shall be entitled to recover the fees of referees and witnesses and other necessary disbursements to be taxed according to law.” It will be further conceded that if this provision is unrepealed, or if it has since been re-enacted, that the plaintiff is by this motion entitled to their allowance. In Sutton agt. Newton (2 How. [N. S.], 56) the judge writing this opinion, after a careful examination of the question, came to the conclusion that the provision quoted was still in force. That conclusion, in the light of Miller agt. Miller (32 Hun, 481) and of an unreported case (Dodd agt. Dodd), to which allusion will be presently made, he is asked to reconsider. The request will *261 be cheerfully complied with, and such reconsideration will not be conducted with a view to sustain a previous conclusion, but to reach the exact right of the proposition to be considered.
Section 317 of the old Code, “The Code of Procedure,” regulated the recovery of costs in an action by or against an executor or administrator, trustee of an express trust, or a person expressly authorized by statute to sue. The same section further declared (a quotation already in part given is repeated to show its connection): “ But this section shall not be construed to allow costs against executors or administrators, where they are now exempted therefrom, by section forty-one of title three, chapter six, of the second part of the Revised Statutes; and whenever any claim against a deceased person shall be referred, pursuant to the provisions of the Revised Statutes, the prevailing party shall be entitled to recover the fees of referees and witnesses and other necessary disbursements to be taxed according to law.”
The first thirteen chapters of our present code, “ The Code of Civil Procedure,” took effect (chap. 318, Laws of 1877) September 1, 1877. That act (chap. 318, Laws of 1877) was passed May 22, 1877, and it suspended the operation of the present Code, known when first enacted as “ The Code of Remedial Justice,” from May 1, 1877, the date when it originally took effect, to September 1, 1877, as just stated. The general repealing act of “ The Code of Procedure ” was passed June 5,1877, and it declared among other things: “ Section 1. The following acts and parts of acts heretofore passed by the legislature of the state are hereby repealed, to wit: * * * 4. All of the Code of Procedure, except the following sections and parts of sections thereof, to wit: * * * Sections three hundred and eleven to three hundred and twenty-two, both inclusive.”
As then, section 317 of the old Code was expressly retained by the repealing act of 1877, it is clear that, after the first thirteen chapters of our present Code took effect, and until at least the subsequent nine chapters of the present Code, *262 known as “ Part II of the Code of Civil Procedure,” took effect (September 1, 1880), “the prevailing party” in a reference of the character of the present, recovered “ the fees of referees and witnesses and other necessary disbursements to be taxed according to law.” In an action, however, against executors or administrators, even though a recovery was had, no costs were taxable unless the court so ordered, upon the ground either that the defendant had refused to refer the claim or that he had unreasonably neglected or resisted payment (2 Edm. ed. of R. S., 92, sec. 41). By sections 1835, 1836 and 3246 of such “ Part II of the Code of Civil Procedure,” the rule for the recovery of costs “ in an action,” prescribed by section 317 of the old Code, was preserved. The present Code, however, neither in the section referred to nor in any other part, expressly states whether or not the remaining provision of section 317 of the old Code, which provided that in references of the character of the present, the prevailing party should “ recover the fees of referees and witnesses and other necessary disbursements to be taxed according to law,” is still in force. It is true that section 3246 of the present Code is a substantial re-enactment of section 317 of its predecessor, with the clause of that section providing for disbursements in references of the character of this omitted, but as such omission merely, without a declaration that the new section is a substitute for or a repeal of the old, does not make any inconsistency between the two, it follows that the new section is no repeal by implication of any part of the old. The present section (3246), and those to which it refers (1835, 1836), only give the rule in regard to costs “in an action,” and as the proceeding had in this case is not “an action,” but is one upon a (to use the exact language of section 317 aforesaid) “ claim against a deceased person * * * referred pursuant to the provisions of the Revised Statutes,” the two arc not in the least inconsistent. The correct view, therefore, is that the adoption of part two of the present Code did not repeal the provision referred to in section 317 of the old *263 (Potter’s Dwarris on Statutes, 156,157; Wallace agt. Bennett 41 Barb., 92, 95, 96, cmd cases there cited ; Matter of Curser, 89 N. Y., 401).
Part two of the present Oode passed the legislature May 6, 1880. Four days afterwards (May 10, 1880) chapter 245 of the Laws of 1880 was passed. By its first’section (subd. 4, page 369), the old Oode was repealed. If that act had contained nothing more, very clearly the whole of the old section 317 would have been swept away. It did not, however, stop with a simple repeal, but it further provided (pages 374, 375): “ Sec. 3. The repeal effected by the first section of this act is subject to the following qualifications: * * * 8. It does not affect the right of a prevailing party to recover the fees of referees and witnesses and his other necessary disbursements upon the reference of a claim against a decedent, as provided in those portions of the Revised Statutes left unrepealed after this act takes effect.”
The point now distinctly presented is, do the words, “ as provided in those portions of the Revised Statutes left unrepealed after this act takes effect,” refer to “ the fees of referees and witnesses and his other necessary disbursements,” or do they refer to “ the reference,” of which the reservation also speaks % In other words, was it the intention of the clause to retain the provision in old section 317, giving referees’ fees and other disbursements in a reference, which had taken place according to and under the provisions of the Revised Statutes; or did it intend to give or retain referees’ fees only in those cases in which the Revised Statutes gave them % Miller agt. Miller (32 Hun, 481) and Daggett agt. Mead (11 Abb. N. C., 116) hold to the latter view. Sutton agt. Newton (2 How. [N. S.], 56) and Hall agt. Edmunds (67 How., 202) to the former. Which of these two views is correct ?
Certainly, as Miller agt. Miller is a decision of the general term of this department, it should be followed unless it is clearly erroneous. The Code, however, has been so often changed, and those changes are so often hidden in the maze *264 of conflicting statutes, that hardly the same force can be attached to a decision as to its precise condition upon a single point, as there must be to one enunciating a legal principle. Where the special term differs in the former case, and such difference amounts to a conviction, it cannot be disrespectful to submit to the appellate tribunal the reasons of a dissent, to the end that the questions in dispute may be thoroughly discussed and more deliberately considered. When the case of Sutton agt. Newton was decided, the attention of the judge writing this opinion was directed by eminent counsel, not interested in that case and occupying a judicial position, to Hall agt. Edmunds and the various statutes therein referred to, as being a better exposition of those statutes than Miller agt. Miller. A careful examination of the question then made induced the decision in Sutton agt. Newton, with the conviction that the view expressed in the opinion was so clear that the question should be again presented to the appellate tribunal. The disbursements, which that opinion holds the prevailing party in that case was entitled to as matter of right, were also properly allowable with the costs generally, upon the ground that the claim had been unreasonably resisted, and therefore no possible injustice could be done by giving the writer’s views upon the question now under consideration. The point now, however, is presented somewhat differently. The conclusion has been reached in this case that the claim of the plaintiff was not unreasonably resisted, and therefore the propriety of following Miller agt. Miller is more forcibly presented than it was in Sutton agt. Newton. A careful study, however, has so thoroughly convinced the judge, to whom the present case has been submitted, that the decision referred to cannot be upheld, that he has been constrained to follow his own convictions, giving his reasons therefor, thus submitting the problem to the appellate tribunal, whether or not Miller agt. Miller shall be adhered to. The question is certainly approached with feelings of the highest respect for the mem *265 bers of the general term, and with the conviction that they, in common with the writer, have no other desire than the attainment of right.
Prior to an analysis of the saving clause in the repealing act of 1880, which will be presently attempted, it is well to bear in mind what has been established in the preceding part of this opinion, to wit: 1st. By the old Code (§ 317), in references of the character of the present, “ the prevailing party ” was “ entitled to recover the fees of referees and witnesses and other necessary disbursements to be taxed according to law.” 2d. When the first thirteen chapters of our present Code took effect, by the repealing act of 1877 (chap. 417, Laws 1877), section 317 was continued in force. 3d. When the law was passed (May 6, 1880) adopting the remaining nine chapters of the present Code, said section 317 was still in force. It also remained in force after their adoption, because the readoption and the re-enactment of old statutes do not, in the absence of a clause repealing the old, or of an express declaration that the new is a substitute for the old, abrogate them, for there is no inconsistency; and the omission to re-enact a part has only the effect to allow such omitted part to stand upon its original enactment. This consequence, and this only, followed from the adoption of part two of the present Code. Sections 1835, 1836 and 3246, were simply redeclarations that all the provisions of said section 317, except the clause providing for the recovery of the disbursements aforesaid, should be in force, but the silence of our law-makers in the chapters referred to did not repeal a clear and positive provision in the old statute upon a subject which the new legislation did not profess to touch. In other words, part two of the Code provided for the recovery of costs “in an action ” against an administrator or executor, but it said nothing, about the old section 317, nor about “ the fees of referees and witnesses and other necessary disbursements ” which such section gave as matter of “right” to “ the prevailing party,” when “ any claim against a deceased person ” had *266 been “ referred pursuant to the provisions of the Revised Statutes.” Unless there was an intention to repeal, there was no occasion to speak — silence was the continuation of the old law (Potter’s Dwarris on Statutes, 156, 157; Wallace agt. Bennett, 41 Barb., 92, 95, 96, and cases there cited; Matter of Curser, 89 N. Y. 401).
We now understand the situation of the question under discussion, when four days after the adoption by the legislature of part two of the present Code, that body passed the repealing act of 1880. The effect produced by the adoption of the nine concluding chapters of the present Code was the preservation of the old rule in regard to costs “ in an action ” against an administrator or executor. "For the purpose of maintaining such old rule the existence of the old section 317 was no longer necessary—sections 1835, 1836 and 3246 were full and ample to effect that object. The old section was therefore repealed, but when that was done it became necessary, unless its total repeal was intended, to declare the fate of the remaining portion of such section, in regard to which absolute silence had up to that time been maintained. It was therefore expressly further said that such repeal did “not affect the right of a prevailing party to recover the fees of referees and witnesses and his other necessary disbursements upon the reference of a claim against a decedent, as provided in those portions of the Revised Statutes left unrepealed after this act takes effect.” Can anything be plainer? It was not the power to award “ costs ” in certain cases upon the establishment of sundry other facts, which was to remain unaffected, but the “right” (i. e., the award thereof as a consequence of the recovery), to “ the fees of referees and witnesses and his other necessary disbursements” by the prevailing party. The exact similiarity of the language of the saving clause of the repealing act just quoted with that of section 317 aforesaid proves that the framer of such saving clause penned it with his eye upon the provision of the section we are discussing. The identity of the language used by both can be accounted for upon no *267 other hypothesis. When, therefore, in order to specify in what cases the “ right ” to such disbursements was given, there were added to those giving them, these further and additional words, to wit, “ upon the reference of a claim against a decedent, as provided in those parts of the Revised Statutes left unrepealed after this act takes effect,” the meaning was unmistakable. It was not the right to sundry disbursements, given by the Revised Statutes, which was preserved, but the “ right of a prevailing party * * * upon the reference of a claim against a decedent, as provided in those portions of the Revised Statutes left unrepealed,” to the particular disbursements specified in the repealing act, was retained. If there was nothing to guide us but the words and structure of the sentence the meaning would be unmistakable. When, however, we add to the language used the further arguments that the Revised Statutes never, on such a reference, gave either costs or disbursements to the prevailing party as a “right,” but only empowered the court in its discretion, upon certain facts being proved, to give “ costs ” generally, and that the section of the Revised Statutes (2 Edm. ed., 91, sec. 37) which gave to courts in references of this character the “ power to adjudge costs, as in actions against executors” was, with the. entire section which contained it, expressly retained and preserved by the same repealing act (chap. 245, Laws of 1880, sub. 3 of sec. 1, p. 368), the meaning becomes too clear for discussion. Under such circumstances to say, as was hastily said in Miller agt. Miller (32 Hun, 481), that the sentence in the repealing act “ has reference si/mply to provisions of the Revised Statutes,” is to declare that such sentence has no meaning whatever. An exception is only necessary when without it the thing excepted would be affected. If any part of the Revised Statutes, left unrepealed by the repealing act, gave the disbursements saved by such act, it was unnecessary to declare that such part of the Revised Statutes was unaffected by the repeal. To make that declaration is equivalent to an *268 announcement that what is in fact unrepealed is unrepealed. Ueither could the clause have been intended to preserve the “right” to disbursements given by the Eevised Statutes, because such statutes, neither then or at any time, gave them; nor could its intent have been to preserve the power in the court to award such disbursements as a part of the costs in those cases in which, if it had been an action, they could have awarded them, because the power “to adjudge costs, as in actions against executors,” was expressly retained by the same act; and as the right to the disbursements specified in the saving clause of the repealing act, together with others, followed the right to costs in an action of which they form a part (Code, sec. 3256), it was unnecessary to say a word further upon that subject. Unless, therefore, the court is prepared to say that the clause is wholly useless, it must be held, as its plain language clearly requires, that the referee’s fees, the witnesses fees and disbursements, are still recoverable by the prevailing party in a reference of this character as they have been for many years. The equity of protecting a successful party against his necessary disbursements in the establishment of his claim, which are often greater than the recovery, was as great when the act of 1880 was passed as it had ever been. Uo complaint had been made against its wisdom; and when the right to recover sundry disbursements is plainly and unmistakably retained or given, it is not a wise exercise of judicial power to render inoperative clear words, even though in the attempted preservation or gift a reference was made to a wrong statute, as the one previously conferring the same right (The People agt. Lucas, 25 Hun, 610, see 611). jSTo one can doubt that the intention was to preserve “ the right of a prevailing party to recover the fees of referees and witnesses and his other necessary disbursements upon the reference of a claim against a decedent,” for the act so declares and the exact words have just been quoted. If the grammatical construction of the sentence giving them is, as the general term assumed in Miller agt. Miller, that the framer of the *269 clause supposed they were given by the Revised Statutes, and therefore made the section to read as if the Revised Statutes gave them, that mistake could not nullify their effect. The “right” to such disbursements, as one flowing from the recovery, as distinguished from the power to award them, is preserved, and courts should so hold without attempting to nullify them by a strained construction which makes the sentence meaningless. But there was no such mistake. The Revised Statutes, it is true, gave the court power to award “costs” and that was preserved, as is elsewhere shown, in the same act, but they never gave “ the right ” to such “ costs ” upon a recovery, and there never was any pretense of the power to award any disbursements without awarding costs generally in a proceeding of this character until section 317 of the old Code gave such disbursements as a “ right ” to “ the prevailing party. In construing a statute it is to be assumed that the legislature knew the exact status of the statutes, and therefore, when they gave or retained the “right ” of “the prevailing party” to them, and used the exact words of the statute which originally gave them, they meant to preserve them as there given; and the reference to the Revised Statutes is to them as giving the mode of procedure — the reference — and not the disbursements, which are retained. The excepting and saving clause of the repealing act is too clear for doubt. Its author evidently wrote it, as before stated, with an open eye resting upon section 317 of the old Code. This the identity of the language proves, and that both give the same disbursements is, as it seems to me, too clear for discussion and debate.
The opinion would close at this point if the counsel of the defendant had not, as he properly did, called the attention of the court to the opinion of judge Bookes in the unreported case of Dodd agt. Dodd (decided by the general term of this department), in which the writer of this opinion as a member of such court concurred. The fact, however, that the judge to whom this case has been submitted has once given an *270 opinion to the contrary of that herein expressed, is no answer to the arguments now presented. Hay, duty requires him to correct and point out his own error with the same freedom and candor that he would exercise were he dealing with the supposed error of another.
The explanation is simple. Dodd agt. Dodd was not a case argued orally. It was submitted to the court upon the printed case and points. Mr. D. S. Potter was counsel for the plaintiff, and Mr. P. C. Ford for the defendant. The special term (judge J. Potter presiding) had allowed the plaintiff full costs upon the ground that the claim had been unreasonably resisted. In his points (and they are now before the writer) the counsel for the plaintiff nowhere discusses the question of his right to disbursements under section 317 of the old Code, nor is any reference made to the repealing act of 1877 nor to that of 1880. The aim of the points is to show that “ costs are in the discretion of the court,” and that they were in the discretion of the court because the Revised Statutes gave the court the power to “ adjudge costs as in actions against executors,” and also because the reference was a “special proceeding,” and not “ an action.” He further claimed that “ section 3210 of the Code provides expressly that costs in a special proceeding, not specially regulated by the Oode itself, may be awarded to any party in the discretion of the court. Oosts being in the discretion of the court to give or withhold, the appellate court will not reconsider the question.” The points then proceed to argue that the discretion of the special term was wisely exercised.
The counsel for the defendant argues in his points (they are also before the writer) that costs should not have been allowed because, among other reasons stated, the claim was not unreasonably resisted. There is no allusion to the right to disbursements except this: “ Under the old Code, the prevailing party in such proceedings was entitled to recover his disbursements, even though he might not be entitled to costs; *271 but this provision has been omitted in the new Code, so that disbursements must now follow costs.”
The case was assigned to brother Bocees to examine. The plaintiff, as has been said, did not claim disbursements apart from costs, and made no allusion to the condition of the law upon the subject. The defendant, also, did not refer to the statutes at all, and only insisted that no disbursements separate from costs could be recovered.because the provision in the old Code giving them had “ been omitted in the new Code.” The learned and careful judge, to whom the case was committed for examination, was thus easily led into error. Through several pages in an exhaustive opinion he demonstrates that the plaintiff should not recover costs. When he reaches the question of disbursements, having been thrown off his guard by the want of presentation of that question by the plaintiff’s counsel, he simply adopts the erroneous view of defendant’s counsel, saying: Tinder the former Code (sec. 317) the plaintiff would have been entitled to recover 1 the fees of the referee and witnesses and other necessary disbursements to be taxed according to law,’ although not entitled to full costs, as in an action (Penkernelli agt. Bischoff, 2 Abb. N. C., 107; Powell agt. Fry, 19 Hun, 600). Such allowance would seem unjust in a case like the present, when the entire contest was over an item found to be fictitious. But the clause of section 317 of the former Code above cited is omitted from section 1836 of the Code of Civil Procedure, which latter section supersedes the former and controls the case now before us (See, also, sec. 3246).” This is all the opinion says upon the question.
The conclusion stated by the judge, that the omission from the new Code was a repeal of the clause giving disbursements in a reference of this character as a matter of “ right,” was erroneous, as has been shown. It looked plausible, and it was in the points submitted an uncontroverted proposition. Errors in judges, into which they are sometimes led by the oversight of counsel, are pardonable. A judge is a man, liable to err, *272 and when so learned and acute a jurist as judge Bookes fell into this error, it was but reasonable to suppose that another judge, who had the same reasons to err, and to those in addition the opinion of a learned judicial brother sustaining the same error, would concur.
Under the circumstances narrated the concurrence of the writer in Dodd agt. Dodd was given. Hone of the questions which have been considered were discussed. Hay, the counsel for the plaintiff by his silence, and by his line of argument, conceded that the disbursements apart from the costs were not recoverable ; and a brother judge, who had examined the question fell into an error. The opinion of judge Bookes was carefully read upon the main question discussed, but that in regard to disbursements, substantially conceded in the points, was not considered as it should have been. The case had been entirely forgotten when the opinion in Sutton agt. Newton was written. Had it been remembei-ed, it would not have changed the result, but would only have induced the fuller, and it is hoped more satisfactory, discussion of the question, which has now been attempted.
The motion for costs generally and for an extra allowance must be denied, but the order should provide that the plaintiff shall recover the fees of the referee and witnesses and his other necessary disbursements, to be taxed according to law.