ROXANA C. LARKINS, Respondent, v. PAUL C. MAXON, Administrator, etc., Appellant.

*Court of Appeals, November 23, 1886.*

Modifying decision in same case, 35 Hun, 665, Mem.

1. *Reference. Inconsistent Findings.*—A finding of a referee that the claimant performed services for defendant, at his request, as a domestic in his family, is not inconsistent with a finding that her relations in his family were affectionate and kindly and like those of a daughter.

See note at end of case.

2. *Same. Disbursements.*—A claimant upon a reference, under the statute, of a claim against the estate of a deceased person, is entitled, if the prevailing party, to recover the necessary disbursements. The provision of the former Code allowing such disbursements was not repealed by the repealing act of 1880, but the right thereto was preserved by the qualifying section of said act.

Reference, under the statute, of a disputed claim against an estate.

Appeal from a judgment of the general term of the supreme court, modifying and affirming, as modified, a judgment of the special term, entered upon the report of a referee.

*Elon R. Brown*, for appellant.

*W. H. Gilman*, for respondent.

PER CURIAM.—We do not think that the findings of the referee were inconsistent. A domestic may be treated, in many respects, like a daughter, without holding that relation to the employer. The facts were sufficient to establish at least an implied contract for compensation; and, so far as there was an express one, it has not been fulfilled by the device and legacy given by Mrs. Sprague. The destroyed

will of Sprague and his wife bore somewhat on the actually existing relations between the parties, and formed incidents in the history of those relations. Since the referee found as a fact the existence of an implied contract, his opinion about an understanding " not amounting to contract" was immaterial.

From the judgment entered on the report of the referee the general term struck out the disbursements taxed and allowed, upon the ground that section 317 of the old Code of procedure, which provided for their taxation, was repealed by the repealing act of 1880, and the right was not preserved by subdivision 8 of section 3 of that act. Upon the construction of that saving clause there has been a difference of opinion in the supreme court. In Miller *v.* Miller (32 Hun, 481), and Dagget *v.* Mead (11 Abb. N. C. 116), the saving clause was held to prevent the destruction only of the right to such disbursements as were provided for in the Revised Statutes, and, there being none such in a case like the present, there was nothing saved. To the contrary are Krill *v.* Brownell, 40 Hun, 72 ; Sutton *v.* Newton, 15 Abb. N. C. 452 ; Hall *v.* Edmunds, 67 How. Pr. 202 ; and Overheiser *v.* Morehouse, 16 Abb. N. C. 208. We think these last cited cases establish the true construction of the subdivision referred to, and that it was intended and did preserve the right to disbursements given by the former Code upon the reference of a claim against a decedent.

The order of the general term striking out disbursements should be reversed, and the judgment as entered at special term be affirmed, with the costs of the appeal to this court.

All concur.

